Evelyn V. Keyes, Justice *308 In the underlying forcible detainer action, the trial court awarded appellee CitiMortgage, Inc. possession of the property known as 123 Dana Drive, Hutto, Texas (the Property). Appellants, Jerome J. Isaac and Michelle P. Isaac, the owners of the Property until it was sold in a foreclosure sale in 2013, appeal that decision, arguing that the trial court erred in granting CitiMortgage a judgment for possession because (1) there were apparent defects of title that required the trial court not to assert jurisdiction; (2) CitiMortgage's live pleading was invalid because it was not "sworn to by the Plaintiff" but was instead verified by CitiMortgage's attorney; (3) CitiMortgage "tendered no evidence that [it] was entitled to treat [the Isaacs] as tenants at sufferance, and [CitiMortgage] was not in privity of contract with [the Isaacs] in regard to a lien instrument"; and (4) CitiMortgage presented no evidence of the Isaacs' continued possession of the home after CitiMortgage gave them notice to vacate.
We affirm.
Background
The Isaacs defaulted on their home loan in 2012 and the Property was sold at a foreclosure sale to CitiMortgage on February 5, 2013. The Isaacs filed a suit against CitiMortgage and other entities that are not a party to this appeal, challenging the validity of the foreclosure sale in district court. The district court in that case rendered a take-nothing judgment against the Isaacs on their challenge to the foreclosure sale, and the Austin Court of Appeals affirmed the district court's judgment. See Isaac v. Vendor Res. Mgmt., Inc. , No. 03-14-00529-CV, 2016 WL 3917133 (Tex. App.-Austin July 15, 2016, no pet.) (mem. op.).
On September 21, 2016, CitiMortgage notified the Isaacs that they were required to vacate the Property. The notices were sent by regular and certified mail and addressed to the Isaacs at the Property. CitiMortgage also sent a separate notice to vacate by regular mail addressed to the "Occupant(s) and/or Tenant(s)" of the Property.
On October 7, 2016, CitiMortgage filed its forcible detainer petition in this suit in the justice court of the precinct where the Property was located. It alleged that the Isaacs "may be served with citation at the [Property]" and that they were "currently in possession of the [Property]." CitiMortgage alleged that it had purchased the Property at a non-judicial foreclosure sale, that it had notified the Isaacs through written demand to vacate the premises in accordance with Property Code section 24.005, and that it was entitled to possession of the Property.
The petition was verified by an attorney for CitiMortgage, who swore that she was "an attorney for Plaintiff authorized to make this petition and verification." The attorney further swore, "I have read the foregoing Original Petition for Forcible Detainer and the facts as stated therein *309 are within my personal knowledge and are true and correct." The Isaacs were served with notice of the suit in person on October 10, 2016, at the Property. The justice court ruled in favor of CitiMortgage, and the Isaacs appealed the decision to the trial court.
In connection with their appeal to the trial court for a trial de novo, the Isaacs filed an appeal bond as required by Texas Rule of Civil Procedure 510.9(a). They also filed, on December 19, 2016, their "Plea in Abatement, Plea to Jurisdiction, and Original Answer Subject to Plea," in which they asserted a lack of "threshold jurisdiction" and sought a dismissal or abatement to address pleading defects. Nothing in the record indicates that there was a hearing on the plea in abatement or plea to the jurisdiction, and the record does not contain any ruling of the trial court on these pleas.
The trial court held a bench trial on March 21, 2017. CitiMortgage produced a business records affidavit for the documents relevant to the forcible detainer action. CitiMortgage introduced a copy of the Deed of Trust executed by the Isaacs and Sterling Capital Mortgage Company when they purchased the Property. That Deed of Trust provided, in relevant part,
If the Property is sold [as a remedy for default], Borrower [the Isaacs] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.
CitiMortgage also provided a copy of the assignment of the Deed of Trust from Sterling to "First Nationwide Mortgage Corporation," and it provided documentation demonstrating that First Nationwide Mortgage Corporation subsequently merged with CitiMortgage.
CitiMortgage also presented the Substitute Trustee's Deed demonstrating that it had purchased the Property at a non-judicial foreclosure sale on February 5, 2013. The Substitute Trustee's Deed was accompanied by a "Statement of Facts" sworn by Brooke Ewing, a representative of the law firm representing CitiMortgage. Ewing averred,
I am making this affidavit based upon certain records maintained within the firm's files in the regular course of its business, which may include images of notices, certified mail forms, the signed Substitute Trustee's Deed, title searches, and other documents and records obtained and maintained in the usual course of business. Together with my general knowledge of mortgage servicer practices for referring foreclosure matters to the firm, the statements and information shown in these records form the basis for the following statements made in this affidavit, which to the best of my knowledge and belief are true.
Ewing's affidavit set out some relevant facts relied upon by the substitute trustee in conveying the Property to CitiMortgage following the foreclosure sale, including statements that CitiMortgage was the mortgage servicer for the debt "evidenced by the Deed of Trust," that CitiMortgage had declared that the Isaacs had defaulted on the loan, that proper notices had been sent, and that the firm had otherwise followed "a regular process [used] in foreclosure matters to ascertain a Grantor's military service statuts" and "no Grantor is reported as on active duty military service or as having concluded active military service within the preceding nine months."
Finally, CitiMortgage provided copies of the notices to vacate sent to the Isaacs at the Property in September 2016. CitiMortgage *310 also provided the trial court with a copy of the Third Court of Appeals' opinion in the Isaacs' challenge to the validity of the foreclosure sale, showing that the Third Court affirmed the district court's take-nothing judgment against the Isaacs in that case. All of these documents were admitted by the trial court without objection.
CitiMortgage argued that these documents, "taken together, the deed of trust which creates a tenancy at sufferance post foreclosure, a copy of the substitute trustee's deed that reflects that [CitiMortgage] [has] legal title to [the Property] combined with the lawful demand sent to the Isaacs and the occupants post foreclosure are the requirements of what's necessary to establish a forcible detainer case." It requested that the trial court take judicial notice of the entire file, and it asked for immediate possession of the Property.
The Isaacs adduced no evidence at the bench trial. Rather, they argued that CitiMortgage's exhibits did not create a clear chain of title, stating, "[B]ottom line ... being that we don't have a clear chain of-of connection that-that would entitle CitiMortgage to treat the Isaacs as tenants at sufferance or even connect all the dots to their trustee deed." CitiMortgage responded by pointing to the take-nothing judgment rendered against the Isaacs in their challenge to the validity of the foreclosure sale, which had been affirmed by the Third Court of Appeals. CitiMortgage also asserted that its documents demonstrated that it was entitled to immediate possession of the Property, which was the only question properly before the court in a forcible detainer action.
The trial court ruled in favor of CitiMortgage, granting it immediate possession of the Property. The Isaacs filed a motion for new trial, which was overruled by operation of law. The Isaacs also obtained an appeal bond pending appeal to this Court. This appeal followed.
Jurisdiction
In their first issue, the Isaacs argue that there were "apparent defects of title that required the trial court not to assert jurisdiction." In their third issue, the Isaacs assert that CitiMortgage tendered no evidence that it was entitled to treat the Isaacs as tenants at sufferance and that it was not in privity of contract with the Isaacs in regard to a lien instrument. We address these issues together.
A. Standard of Review and Relevant Law
Whether a trial court has subject-matter jurisdiction is a question of law, which we review de novo. Hearts Bluff Game Ranch, Inc. v. State , 381 S.W.3d 468, 476 (Tex. 2012) ; Trimble v. Fed. Nat'l Mortg. Ass'n , 516 S.W.3d 24, 28 (Tex. App.-Houston [1st Dist.] 2016, pet. denied) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").
A forcible detainer action is designed to be a speedy, simple, and inexpensive means to determine the right to immediate possession of real property where there is no claim of unlawful entry. See Marshall v. Hous. Auth. of San Antonio , 198 S.W.3d 782, 787 (Tex. 2006). The only issue to be adjudicated is the right to actual possession. TEX. R. CIV. P. 510.3(e). In order to prevail in a forcible detainer action where the property was purchased at a foreclosure sale, the plaintiff must prove that: (1) the substitute trustee conveyed the property by deed to the plaintiff after the foreclosure sale; (2) a landlord-tenant relationship existed and the occupants became tenants at sufferance; (3) the *311 plaintiff gave proper notice to the occupants that it required them to vacate the premises; and (4) the occupants refused to vacate the premises. See TEX. PROP. CODE ANN. §§ 24.002, .005 (West 2014 & Supp. 2017); Iqbal v. Fed. Nat'l Mortg. Ass'n , No. 03-15-00667-CV, 2017 WL 2856737, at *2 (Tex. App.-Austin June 29, 2017, pet. denied) (mem. op.); Murphy v. Countrywide Home Loans, Inc. , 199 S.W.3d 441, 445 (Tex. App.-Houston [1st Dist.] 2006, pet. denied).
Thus, forcible detainer actions cannot resolve any questions of title beyond the immediate right to possession. Trimble , 516 S.W.3d at 28 (citing Black v. Washington Mut. Bank , 318 S.W.3d 414, 417 (Tex. App.-Houston [1st Dist.] 2010, pet. dism'd w.o.j.) ). The existence of a title dispute does not deprive a justice court of jurisdiction over the forcible detainer action; "it is only deprived of jurisdiction if the right to immediate possession necessarily requires the resolution of a title dispute." Id. (quoting Black , 318 S.W.3d at 417 ). Thus, because a forcible detainer action's purpose is not to establish title, a plaintiff bringing a forcible detainer action "is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." Id. at 29. When there is a landlord-tenant relationship between the purchaser at foreclosure and the current possessor of the property, such a relationship "provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." Id. (quoting Wells Fargo Bank, N.A. v. Ezell , 410 S.W.3d 919, 921 (Tex. App.-El Paso 2013, no pet.) ).
B. Analysis
The Isaacs' first issue essentially argues that defects in the chain of title deprived the trial court of jurisdiction in the forcible detainer action. However, the only issue to be adjudicated in a forcible detainer action is the right to actual possession, and the Isaacs have presented no evidence that the right to immediate possession necessarily requires the resolution of a title dispute. See TEX. R. CIV. P. 510.3(e) ; Trimble , 516 S.W.3d at 28. To the contrary, CitiMortgage provided evidence to the trial court that the Isaacs had challenged the validity of the foreclosure sale, the district court in that separate action rendered a take-nothing judgment on the Isaacs' claims, and the Austin Court of Appeals affirmed the district court's judgment. Furthermore, CitiMortgage was not required to prove title-it was only required to show sufficient evidence of ownership to demonstrate its superior right to immediate possession. Trimble , 516 S.W.3d at 29. As long as CitiMortgage provided evidence of the existence of a landlord-tenant relationship between itself, as the purchaser at foreclosure, and the Isaacs, the current possessors of the Property, such a relationship "provides a basis for the trial court to determine the right to immediate possession, even if the possessor questions the validity of a foreclosure sale and the quality of the buyer's title." See ids="12374611" index="13" url="https://cite.case.law/sw3d/516/24/#p28">id. ; Ezell , 410 S.W.3d at 921.
The Isaacs assert that CitiMortgage tendered no evidence that it was entitled to treat the Isaacs as tenants at sufferance and that it was not in privity of contract with the Isaacs in regard to a lien instrument. They again argue that the Deed of Trust that they executed at the time they purchased the Property and the Substitute Trustee's Deed by which CitiMortgage claims title "were not adequately connected by evidence" and thus CitiMortgage "had no standing to seek to proceed to judgment[.]" This argument misrepresents the law and the state of the record.
*312 "A provision in the borrower's mortgage creating a landlord-tenant relationship after a foreclosure sale satisfies" the requirement that a landlord-tenant relationship existed and the occupants became tenants at sufferance. Trimble , 516 S.W.3d at 29 (citing Ezell , 410 S.W.3d at 922, and Black , 318 S.W.3d at 418 ). CitiMortgage introduced as evidence a copy of the Isaacs' Deed of Trust that they executed at the time they purchased the Property. The Deed of Trust stated, in relevant part,
If the Property is sold [as a remedy for default], Borrower [the Isaacs] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.
(Emphasis added). CitiMortgage further provided the Substitute Trustee's Deed demonstrating that it had purchased the Property at a foreclosure sale.
These two documents, considered together, establish that after CitiMortgage purchased the Property at the foreclosure sale and the Isaacs did not surrender possession, the Isaacs became tenants at sufferance of CitiMortgage. This uncontroverted evidence was sufficient to demonstrate the existence of a landlord-tenant relationship between CitiMortgage and the Isaacs, and that relationship provided the basis for the trial court to determine the right to immediate possession of the Property, even in light of the Isaacs' challenges to the validity of the foreclosure sale and the quality of CitiMortgage's title. See ids="7323246" index="18" url="https://cite.case.law/sw3d/318/414/#p417">id. ; Ezell , 410 S.W.3d at 921. Thus, the trial court had subject-matter jurisdiction over CitiMortgage's forcible detainer action. See Hearts Bluff Game Ranch , 381 S.W.3d at 476 ; Trimble , 516 S.W.3d at 28.
We overrule the Isaacs' first and third issues.
Adequacy of the Petition's Verification
In their second issue, the Isaacs argue that the "trial court erred in hearing the case and rendering judgment [because CitiMortgage's] pleading then on file was not a valid pleading on which judgment could have been granted, because it was not 'sworn to by the Plaintiff.' "
We first observe that a defective verification does not deprive a county court of jurisdiction to hear a forcible detainer action. Norvelle v. PNC Mortg. , 472 S.W.3d 444, 446 (Tex. App.-Fort Worth 2015, no pet.) ; see also Lenz v. Bank of Am., N.A. , 510 S.W.3d 667, 669 (Tex. App.-San Antonio 2016, pet. denied) ("We agree with our sister courts that a verification signed by the bank's attorney-even if defective-does not deprive a county court of jurisdiction to hear a forcible detainer action."); Banks v. Bank of Am., N.A. , No. 03-16-00046-CV, 2017 WL 1832489, at *1 n.2 (Tex. App.-Austin May 4, 2017, no pet.) ("Appellant acknowledges that an attorney may sign a verification under Rule 510.3(a) when they have personal knowledge of the facts and that his challenge is not a jurisdictional one.") (citing Norvelle , 472 S.W.3d at 446, 449, and other cases applying similar reasoning). Thus, the Isaacs' argument that the trial court erred in "hearing" and ruling on the case because of the allegedly defective pleading is unavailing. Any defects in pleading did not deprive the trial court of jurisdiction.
The Isaacs also argue, without citation to appropriate supporting authority, that strict compliance with the verification requirement of Rule 510.3 is required and that Rule 510.3 requires that the petition *313 have been verified by a "member or other officer" of CitiMortgage rather than by CitiMortgage's attorney.
Rule 510.3 provides, in relevant part, that "[i]n addition to the requirements of Rule 502.2 [governing petitions in justice court generally], a petition in an eviction case must be sworn to by the plaintiff." TEX. R. CIV. P. 510.3(a). Several courts of appeal have held that an attorney's verification of an eviction pleading on behalf of a corporate client satisfies the requirements of Rule 510.3. See, e.g. , Lenz , 510 S.W.3d at 670 (holding that " Rule 510.3(a) does not preclude an attorney verifying an eviction petition filed on behalf of a corporate client"); Rodriquez v. Midfirst Bank , 510 S.W.3d 635, 636 (Tex. App.-El Paso 2016, pet. dism'd w.o.j.) ("Midfirst's attorney could properly sign the petition on Midfirst's behalf under TEX. R. CIV. P. 510.3(a)."); Norvelle , 472 S.W.3d at 449 (same); see also Jimenez v. McGeary , 542 S.W.3d 810, 813-14 (Tex. App.-Fort Worth 2018, pet. denied) (holding that attorney's verification of forcible detainer petition on behalf of client, who was a natural person, sufficed to meet Rule 510.3(a) 's requirements).
The Isaacs argue that the court of appeals in Norvelle and other courts that have since followed Norvelle's reasoning misconstrued the requirements of Rule 510.3(a). They argue that, since the predecessor to Rule 510.3-former Rule 739, which expressly permitted the party or "his authorized agent" to file the written, sworn complaint-was repealed and replaced with Rule 510.3(a) 's requirement that the petition "must be sworn to by the plaintiff," it created a "heightened pleading requirement" with a "clearly apparent policy objective-to assure that when an entity seeks to dispossess someone from their home, that entity is plainly giving deliberate organizational consideration to its effort ... by having its officer verify that the pleaded facts are true." We disagree with this construction of the Rule.
The same rules of construction that govern the interpretation of statutes govern the interpretation of the rules of civil procedure, and these provide that we must rely on the plain meaning of the text unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result. See Beeman v. Livingston , 468 S.W.3d 534, 538 (Tex. 2015) ; In re Christus Spohn Hosp. , 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding); Lenz , 510 S.W.3d at 669 ; Norvelle , 472 S.W.3d at 447.
Specifically, the court of appeals in Norvelle held that "nothing in the applicable rules invalidates the Bank's petition[, which was verified by its attorney,] under Rule 510.3." 472 S.W.3d at 447. Rather, it held that the language of Rule 510.3, "when read in context of the other rules of this section, clarifies who may sign a petition and swear to the facts contained therein." Id. at 447 & n.3 ; see Lenz , 510 S.W.3d at 669. Rule 500.2(u) defines "plaintiff" as "a party who sues." TEX. R. CIV. P. 500.2(u) (emphasis added); Norvelle , 472 S.W.3d at 447. Rule 500.2(s) defines "party" as "a person or entity involved in the case that is either suing or being sued, including all plaintiffs, defendants, and third parties that have been joined in the case." TEX. R. CIV. P . 500.2(s) (emphasis added); Norvelle , 472 S.W.3d at 447. Rule 500.4 provides that, in an eviction case, corporations or other entities may be represented by non-attorney employees, owners, officers, or partners, a property manager or other authorized agent, or by an attorney, and Rule 502.1 provides that, with the exception of oral motions made during trial or when all parties are present, "every pleading , plea, motion, application *314 to the court for an order, or other form of request must be written and signed by the party or its attorney and must be filed with the court." TEX. R. CIV. P. 500.4, 502.1 (emphasis added).
The court in Norvelle also noted that corporations and other business entities generally may appear in court only through licensed counsel. 472 S.W.3d at 447 ; Lenz , 510 S.W.3d at 670. It observed that "[t]he process that led to the modification of the rule at issue began in 2011, when the legislature dissolved small claims courts, added small claims cases to the justice courts' jurisdiction, and directed the supreme court to develop new rules to accommodate the restructuring." Norvelle , 472 S.W.3d at 448-49 (observing that legislature directed supreme court that new rules should "ensure the fair, expeditious, and inexpensive resolution of small claims cases," and further directed that "the rules it adopted could not require that a party in a case be represented by an attorney, be so complex that a reasonable person without legal training would have difficulty understanding or applying the rules, or require that the discovery rules be applied except to the extent the justice of the peace hearing the case determines that the rules must be followed to ensure fairness to all parties") (citing TEX. GOV'T CODE ANN . § 27.060(a), (d) (West Supp. 2014) ). It stated:
To hold, as the Norvelles urge us, that [ Rule 510.3(a) ] requires a corporation or other entity to physically sign a petition would defy the reality that business entities operate through their agents, and it would usurp the ability of these entities to have their day in court-an absurd or nonsensical result not contemplated by the supreme court when it modified the rules, and a contradictory result when considered alongside the rest of the new rules, their purpose, and the pertinent provisions of the property code.... Here, the petition filed in the justice court contained a verification sworn to by the Bank's counsel, stating her authority to make the affidavit and swearing that the facts contained in the pleading were both within her personal knowledge and true and correct. As she acted as the Bank's corporeal agent for purposes of instituting the action, this was sufficient to meet rule 510.3(a) 's requirements.
Id. at 449.
The Isaacs' argument that the petition could only be verified by an officer of the corporation is undermined by the express language of the rules, which allow corporations to be represented by non-attorney officers and attorneys, and which also provide that every pleading must be signed "by the party or its attorney." See TEX. R. CIV. P. 500.2(s), (u), 500.4, 502.1 and 510.3(a). It is further undermined by the "reality that business entities operate through their agents." See Norvelle , 472 S.W.3d at 449. Nothing in the rules cited by the Isaacs evinces an intent to remove attorneys from the list of acceptable agents to act on behalf of corporate entities-to the contrary, they are expressly listed in both Rules 500.4 and 502.1.
CitiMortgage's petition was sworn to by its attorney, in a verification stating her authority to make the affidavit and swearing that the facts contained in the pleading were both within her personal knowledge and true and correct. Here, as in Norvelle , nothing in the rules governing eviction proceedings in justice court invalidates CitiMortgage's petition.
We overrule the Isaacs' second issue.
Evidence that the Isaacs Refused to Vacate the Property
In their fourth issue, the Isaacs assert that CitiMortgage "tendered no evidence"
*315 indicating that the Isaacs refused to vacate the Property.
A. Standard of Review
A no-evidence challenge requires us to review all of the record evidence in the light most favorable to the verdict or finding under review, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. City of Keller v. Wilson , 168 S.W.3d 802, 822 (Tex. 2005) ; Mekeel v. U.S. Bank Nat'l Ass'n , 355 S.W.3d 349, 358 (Tex. App.-El Paso 2011, pet. dism'd). We will conclude that there is no evidence to support a disputed fact when (1) evidence of a vital fact is absent; (2) rules of law or evidence bar us from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. City of Keller , 168 S.W.3d at 810. In a bench trial, the trial court is the finder of fact. Mekeel , 355 S.W.3d at 358 (citing Southwestern Bell Media, Inc. v. Lyles , 825 S.W.2d 488, 493 (Tex. App.-Houston [1st Dist.] 1992, writ denied) ). If more than a scintilla of evidence exists in the record to support the finding, then the no evidence challenge fails. See Tarrant Reg'l Water Dist. v. Gragg , 151 S.W.3d 546, 552 (Tex. 2004) ; Mekeel , 355 S.W.3d at 358 ; see also Ford Motor Co. v. Ridgway , 135 S.W.3d 598, 601 (Tex. 2004) (holding that scintilla of evidence is evidence so weak that it creates no more than mere surmise or suspicion of existence of fact sought to be proven).
B. Analysis
Texas courts have identified multiple ways for a plaintiff in a forcible detainer action to establish that the defendants have refused to vacate the property that is the subject of the eviction proceedings. See Mekeel , 355 S.W.3d at 358-59 (summarizing prior law on this issue). The Mekeel court considered the appeal bond listing the subject address, filed in order to obtain a trial de novo of the eviction proceeding in county court, and evidence confirming that the defendant was served at the subject property with notice of the forcible-detainer suit as evidence indicating that the defendant had refused to vacate the premises. Id. at 359. Courts have also considered a sworn complaint stating (1) that a defendant has defaulted on his note and plaintiff foreclosed on the lien terminating the defendant's right to possession and (2) that the defendant was given proper notice to vacate and refused to do so as some evidence that the defendant had failed to surrender possession of the property. Id. ; Powelson v. U.S. Bank Nat'l Ass'n , 125 S.W.3d 810, 811 (Tex. App.-Dallas 2004, no pet.).
The Austin Court of Appeals summarily addressed a complaint similar to the one raised here by the Isaacs by stating:
In her fourth point of error, Rodriguez asserts that the trial court erred in rendering judgment for Citimortgage because there was "no evidence" that Rodriguez had refused to vacate the property after demand was made. We reject that assertion. Among other things, Rodriguez has tacitly conceded that she has remained in possession of the property by continuing to prosecute appeals from and superseding lower court judgments awarding Citimortgage possession. If she had relinquished possession, her appeals regarding the parties' competing claims to possession would be moot. See Marshall v. Hous. Auth. of City of San Antonio , 198 S.W.3d 782, 787 (Tex. 2006). We overrule Rodriguez's fourth point of error.
*316 Rodriguez v. Citimortgage, Inc. , No. 03-10-00093-CV, 2011 WL 182122, at *6 (Tex. App.-Austin Jan. 6, 2011, no pet.) (mem. op.); see also Mekeel , 355 S.W.3d at 359.
The record here reflects CitiMortgage's complaint, both in the original, sworn petition filed in the justice court and in its presentation of the facts of the case to the trial court, that the Isaacs refused to vacate the Property after CitiMortgage made a written demand that they do so. The record also indicated that the Isaacs received the notice to vacate by certified mail at the Property, that they were served with notice of the forcible detainer petition at the Property, and that they filed an appeal bond to permit them to seek a trial de novo in the county court after the justice court ruled in favor of CitiMortgage. As in Rodriguez and Mekeel , the Isaacs have continued to pursue appeals after both the justice court and the trial court granted possession to CitiMortgage. Thus, we conclude that there is more than a scintilla of evidence that the Isaacs refused to vacate the Property after proper demand had been made by CitiMortgage. See Mekeel , 355 S.W.3d at 358-59 ; see also City of Keller , 168 S.W.3d at 810, 822.
We overrule the Isaacs' fourth issue.
Conclusion
We affirm the judgment of the trial court.