**Opinion issued July 25, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00911-CV

_____

## MARK TRIMBLE, Appellant

## V.

## FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

---

### On Appeal from the County Court at Law No. 3
### Galveston County, Texas
### Trial Court Case No. CV-0081892

---

## MEMORANDUM OPINION

In this forcible detainer action, the trial court rendered a final judgment of possession in favor of Federal National Mortgage Association. Mark Trimble, who currently is in possession of the property, appeals, contending that the trial court erred in denying his motion to dismiss the Association's suit. We affirm.

## BACKGROUND

The Association filed a forcible detainer action in the justice court and obtained a judgment of possession. Trimble appealed from that judgment to the county court, which tried the issue of possession de novo.

In the county court, Trimble moved to dismiss the Association's suit based on non-compliance with Rule 736.11 of the Rules of Civil Procedure in the underlying foreclosure. Because the foreclosure was void due to non-compliance with the rule, Trimble argued, the Association's forcible detainer action must be dismissed.

The county court denied Trimble's motion to dismiss, and then heard the Association's claim for possession. Without objection, the Association introduced into evidence a mortgage instrument, substitute trustee's deed, and notice to vacate the premises. The mortgage required the borrowers and anyone in possession to surrender possession of the property in the event of a foreclosure sale, and it provided that failure to surrender possession would render any occupiers tenants at sufferance subject to removal by writ of possession. The substitute trustee's deed showed that the Association had bought the property at a foreclosure sale. The notice showed that the Association demanded that Trimble vacate the property.

The county court entered a final judgment of possession in the Association's favor. Trimble appeals from that judgment.

## DISCUSSION

### A.    Applicable law

Foreclosure and possession are distinct. Foreclosure results in the transfer of title to real property but does not place the new owner in possession. *Coinmach Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 918 (Tex. 2013). To remove a tenant at sufferance, the new owner must file a forcible detainer action. *Id.*

The lone issue in a forcible detainer action is the right to possession. *Id.* at 919. The action solely decides who has the right to immediate possession, not the merits of foreclosure or the right to title. *See id.* at 919–20; *Isaac v. CitiMortgage*, 563 S.W.3d 305, 310–11 (Tex. App.—Houston [1st Dist.] 2018, pet. denied).

To prevail in a forcible detainer action, a plaintiff who purchased the property at a foreclosure sale must prove that:

(1) the substitute trustee conveyed the property by deed to the plaintiff;

(2) a landlord-tenant relationship existed and the occupants became tenants at sufferance;

(3) the plaintiff gave notice to vacate the premises to the occupants; and

(4) the occupants refused to vacate the premises.

*Isaac*, 563 S.W.3d at 310–11.

Thus, a plaintiff need not prove that that it has title to the property. *Id.* at 311. A landlord-tenant relationship provides a basis for the trial court to find that the plaintiff has a superior right to immediate possession, notwithstanding any disputes

3

about the validity of the foreclosure sale or the plaintiff's title. *Id.*; *Chinyere v. Wells Fargo Bank*, 440 S.W.3d 80, 83–85 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Accordingly, when a plaintiff proves that a landlord-tenant relationship exists and that any occupiers are tenants at sufferance, the trial court does not err in rejecting an occupier's contention that the underlying foreclosure was invalid. *See Morris v. Am. Home Mortg. Servicing*, 360 S.W.3d 32, 36 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A mortgage provision establishing the existence of a landlord-tenant relationship after foreclosure is adequate proof that such a relationship existed and that the occupants became tenants at sufferance. *Isaac*, 563 S.W.3d at 312.

## B. Analysis

Trimble does not argue on appeal that the Association failed to prove by a preponderance of the evidence the four elements necessary to establish that it has a superior right of possession. The evidence is sufficient as to each element.

Trimble instead contends that the foreclosure sale was void. But the validity of the underlying foreclosure was not at issue in this forcible detainer action. *See Coinmach*, 417 S.W.3d at 918–19. The mortgage's provision as to foreclosure, tenancy at sufferance, and possession gave the county court an independent ground to find that the Association has a superior right to immediate possession, despite Trimble's contention that the foreclosure is void. *See Isaac*, 563 S.W.3d at 311.

4

We thus hold that the trial court did not error in denying Trimble's motion to dismiss, which challenged the validity of the foreclosure, not the Association's right to immediate possession. *See Morris*, 360 S.W.3d at 36 (county court rightly refused to consider claim that foreclosure sale was illegal in forcible detainer action).

## CONCLUSION

We affirm the judgment of the trial court.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.