**Opinion issued January 20, 2022**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00083-CV

———————————

**SHERESE OAKLAND AND/OR ALL OCCUPANTS, Appellant**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1146674**

---

## MEMORANDUM OPINION

This is an appeal from a forcible entry and detainer suit. Appellee Deutsche Bank National Trust Company, as Certificate Trustee on Behalf of Bosco Credit II Trust Series 2010-1, ("Deutsche Bank") purchased the residential property previously owned by appellant Sherese Oakland at a non-judicial foreclosure sale.

After Oakland failed to vacate the premises, Deutsche Bank brought a forcible entry and detainer action in justice court. The justice court entered judgment of possession in favor of Deutsche Bank. Oakland appealed to the county court. The county court entered a judgment of possession in favor of Deutsche Bank. Oakland appealed. On appeal, Oakland contends that the trial court lacked jurisdiction because the question of title was so integrally linked to the issue of possession that possession could not be determined without first determining title. We affirm.

## Background

In March 2005, Oakland executed a deed of trust to secure payment of a note on the real property located at 7602 Timberway Lane, Houston, Texas. The deed of trust was assigned to Deutsche Bank. The deed of trust provided that in the event of a default, the lender could accelerate the note and require immediate payment of all sums. It also provided that the property could be sold at a foreclosure sale, and that if the loan were foreclose, the person in possession of the property, would become a tenant at sufferance and could be removed by a writ of possession.

After default by Oakland, Deutsche Bank foreclosed the loan and purchased the property on October 1, 2019. A trustee's deed was recorded, and Deutsche Bank mailed Oakland a notice to vacate. After Oakland failed to vacate the property, Deutsche Bank instituted a forcible entry and detainer action against Oakland in justice court. Oakland filed suit in the Harris County district court

2

asking the court to set aside the foreclosure because the statute of limitations had run.[1] Oakland then filed a plea to the jurisdiction in the justice court, arguing that the court did not have jurisdiction to determine immediate possession of the property until the title was resolved in the district court. She stated that the title issue involved her challenge to the validity of the foreclosure sale. Following a hearing on the motion, the justice court ruled in Deutsche Bank's favor. Oakland filed an appeal de novo to County Court at Law No. 4. In January 2020, the county court entered a judgment of possession in favor of Deutsche Bank. Prior to execution of the writ of possession, Oakland appealed.

Oakland appeals the judgment granting immediate possession of the property to Deutsche Bank, arguing that the court did not have jurisdiction over the eviction suit because the statute of limitations claim in the district court title suit had to be resolved as a prerequisite to the resolution of immediate possession. This is the only issue on appeal. We hold that the county court at law had jurisdiction and affirm the court's judgment.

**Standard of Review**

Subject matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law that we review

---

[1] In its brief, Deutsche Bank states that it removed the suit to the United States District Court for the Southern District of Texas in December 2019.

3

de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

**Applicable Law**

Jurisdiction over a forcible detainer action is expressly given to the justice court of the precinct where the property is located, and on appeal, to the county court for a trial de novo. *See* TEX. PROP. CODE § 24.004(a); TEX. GOV'T CODE § 27.031(a)(2); TEX. R. CIV. P. 510.10(c). A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial. TEX. R. CIV. P. 510.10(c). A county court must adjudicate the right to actual possession and not title. TEX. R. CIV. P. 510.3(e); *see Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) ("[T]he justice court, and a county court on appeal, lack jurisdiction to resolve any questions of title beyond the immediate right to possession.").

A forcible detainer "action 'is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 785 (Tex. 2006)). The judgment in a forcible detainer action is a final determination only of the right to immediate possession. *Id.* Thus, to prevail in a forcible detainer action, the plaintiff is not required to prove title, but is only required to present sufficient evidence of

4

ownership to demonstrate a superior right to immediate possession. *Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 310 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). If, however, an issue of title is so intertwined with the issue of possession that a court must resolve the title dispute before determining which party has a superior right to immediate possession, then the justice court and the county court lack jurisdiction to resolve the matter and must dismiss the case. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

"A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system." *Dormady*, 61 S.W.3d at 558 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.)).

## Analysis

Oakland contends that the question of title is intertwined with the question of possession such that the county court did not have jurisdiction to determine

5

possession. Oakland argues that Deutsche Bank is not entitled to possession because it does not have proper title to the property. Deutsche Bank argues that the trial court had jurisdiction to decide possession because Oakland's challenge to the validity of the foreclosure sale need not be resolved in order to decide possession. We agree with Deutsche Bank.

"A landlord-tenant relationship provides 'an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property.'" *Salazar v. HPA Tex. Sub 2016-1 LLC*, No. 01-19-00330-CV, 2020 WL 7702176, at \*3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2020, pet. denied) (mem. op.) (quoting *Rice*, 51 S.W.3d at 712). When "a landlord-tenant relationship is established in the original deed of trust[,] [t]he landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property." *Dormady*, 61 S.W.3d at 559. Even when the validity of a deed is challenged, courts have held that the issue of possession may be determined without addressing title when a landlord-tenant relationship is established through a deed of trust. *See Casalicchio v. Fed. Home Loan Mortg. Corp.*, No. 01-19-00392, 2021 WL 921779, at \*4 (Tex. App.—Houston [1st Dist.] Mar. 11, 2021, no pet.) (mem. op.); *Chevalier v. Roberson*, No. 01-15-00225-CV, 2016 WL 1590993, at \*3 n.2 (Tex. App.—

Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op.) ("[Appellant] has the right to sue in district court to determine whose deed is valid.").

Here the deed of trust provided:

> If the property is sold pursuant to this paragraph 16, Borrower [Oakland] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser [Deutsche Bank] at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Oakland argues that because the statute of limitations had run, both the deed of trust and the power of sale pursuant to it are void. She argues that if the deed of trust is void, the tenancy-at-sufferance clause is also void, depriving the justice court of its independent basis for jurisdiction. "A title dispute 'based entirely on [the] contention that the foreclosure was improper" is not intertwined with the right of immediate possession." *Guillen v. U.S. Bank, N.A.*, 494 S.W.3d 861, 867 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.)). Oakland's attack on the validity of the foreclosure sale is independent of the question of possession in the forcible detainer action. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding appellant could sue in district court to determine whether appellee's deed should be cancelled because of wrongful foreclosure, but county court could determine immediate possession in forcible detainer suit); *Dormady*, 61 S.W.3d at 558 (citing

*Hewitt*, 90 S.W.2d at 818–19) ("[I]f the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court.").

We need not decide whether the statute of limitations actually expired and whether, as a result, the deed of trust, with its tenancy-at-sufferance clause, was invalid. The question of the foreclosure's validity may be resolved independently of the county court's determination that Deutsche Bank is entitled to immediate possession of the property. *See Guillen*, 494 S.W.3d at 868. Deutsche Bank established the existence of a landlord-tenant relationship through the deed of trust. Because there was a basis for determining possession without resolving the ultimate issue of title, we hold the trial court had subject-matter jurisdiction to decide the forcible detainer action. *See Dormady*, 61 S.W.3d at 557–59.

We overrule Oakland's issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

Peter Kelly
Justice

Panel consists of Chief Justice Radack and Justices Kelly and Landau.

8