

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00050-CV

_____

GAIL E. AUSTIN AND MARY HEINEN, Appellants

V.

M&T BANK, Appellee

_____

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 187,262-B

_____

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I.  Introduction

This is a forcible-detainer case.  Appellants Gail E. Austin and Mary Heinen appeal from a judgment awarding possession of the property at issue to Appellee M&T Bank.  Appellants raise five points.  Having previously analyzed the exact points that they raise under facts analogous to those here, we see no reason to depart from our prior precedent.[1]  We therefore affirm.

## II.  Background

After M&T Bank purchased the subject premises at a foreclosure sale, it filed a forcible-detainer suit against Appellants in justice court and obtained a judgment granting it possession of the subject premises.  Appellants appealed that judgment to

---

[1]Appellants' brief fails to cite the dispositive cases from this court in which appellants' attorney has previously raised the exact issues that he raises in this appeal and in which each of his arguments was overruled.  *See Gaber v. U.S. Bank Nat'l Ass'n*, No. 02-20-00376-CV, 2021 WL 5367851, at *1–6 (Tex. App.—Fort Worth Nov. 18, 2021, pet. denied) (mem. op.); *Rosalez v. Foson Invs., LLC*, No. 02-20-00023-CV, 2021 WL 1918755, at *1–4 (Tex. App.—Fort Worth May 13, 2021, pet. denied) (mem. op.); *Askew v. Mena Homes, Inc.*, No. 02-19-00181-CV, 2020 WL 579121, at *1–3 (Tex. App.—Fort Worth Feb. 6, 2020, pet. denied) (mem. op.); *Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at *1–9 (Tex. App.—Fort Worth Nov. 14, 2019, pet. denied) (mem. op.); *see also Enriquez v. Cap. Plus Fin., LLC*, No. 02-19-00184-CV, 2020 WL 719441, at *1–3 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.) (raising four of the same issues—all of which were overruled).

the district court (the trial court).[2]   Appellants also filed a plea in abatement (challenging M&T Bank's standing and presuit notice) and an original answer subject to their plea.

In a brief bench trial, the trial court heard argument on Appellants' plea in abatement and overruled it.  The trial court then proceeded to receive evidence and to hear argument in the forcible-detainer suit.  M&T Bank introduced certified copies of the Deed of Trust that was originally foreclosed that previously secured the property, the Substitute Trustee's Deed from the foreclosure sale, and a business-records affidavit to which was attached a notice to vacate and a certified-mail receipt. Appellants objected only to the Substitute Trustee's Deed, which was admitted over their objection.  After hearing arguments, the trial court stated that the proceeding was "a complete collateral attack on the deeds that are on file in the county clerk's office that have never been challenged" and granted M&T Bank possession of the property.[3]

Appellants thereafter filed an emergency motion to determine the amount of bond, deposit, or security, and M&T Bank filed a response.  The trial court signed a separate "Order Regarding Supersedeas," finding that the judgment could be reasonably superseded pending appeal to this court by the posting of a bond in the

_____

[2]As pointed out in Appellants' brief, Wichita County justice-court appeals are to the district court.  *See Shaw v. Shaw*, No. 2-07-147-CV, 2008 WL 2002640, at *4 (Tex. App.—Fort Worth May 8, 2008, no pet.) (mem. op.).

[3]Appellants did not request findings of fact and conclusions of law.

3

amount of $25,000 or by depositing $2,083.33 with the Wichita County District Clerk on or before the twenty-first day of each month during the pendency of the appeal. The record contains a letter showing that at least one monthly supersedeas deposit was paid.

Appellants also filed a motion for new trial, and M&T Bank filed a response in opposition. The motion was overruled by operation of law, and this appeal followed.

### III. Applicable Law

A tenant at sufferance commits a forcible detainer when she refuses to surrender possession of real property on written demand by the person entitled to possession of that property. *See* Tex. Prop. Code Ann. § 24.002. A plaintiff in a forcible-detainer suit can establish "the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure." *Askew*, 2020 WL 579121, at *1–2; *Martinez*, 2019 WL 5996984, at *2.

The only issue that the trial court determines in a forcible-detainer action is the right to actual and immediate possession of the property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). To prevail in such an action, a plaintiff is not required to prove title; it is required only to show sufficient evidence of ownership demonstrating a superior right to immediate possession of the property. *Askew*, 2020 WL 579121, at *2. Defects in title or in the foreclosure process cannot

4

be determined in a forcible-detainer action. *E.g.*, *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.); *see* Tex. R. Civ. P. 510.3(e) (stating that in a forcible-detainer action, "[t]he court must adjudicate the right to actual possession and not title"). "The arena to challenge the propriety of a foreclosure" is not in a forcible-detainer action but "in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed." *Martinez*, 2019 WL 5996984, at *3. When, as here, "a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property." *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.).

## IV. Analysis

As we thoroughly explained in *Martinez*, most of the points raised by Appellants are based on a challenge to the Substitute Trustee's Deed by which M&T Bank claims a superior right to possession of the property, and Appellants cannot attack the form of the deed in a forcible-detainer action. 2019 WL 5996984, at *3–6. We need not repeat that expository here but will instead move forward with addressing why each of Appellants' points fails.

### A. Presuit Demand for Possession

In their first point, Appellants argue that "there was not a statutorily sufficient pre[]suit demand for possession to support [M&T Bank's] claims." Appellants

5

correctly cite the governing statute for a forcible-detainer action that specifies a demand for possession "must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." *See* Tex. Prop. Code Ann. § 24.002(b). In turn, the basic requirements for a notice to vacate to a tenant at sufferance (such as Appellants became in accordance with the deed of trust after the foreclosure on the subject property) are as follows: "If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible[-]detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *See id.* § 24.005(b).

Appellants' argument has as its basis an attack on the affidavit attached to the Substitute Trustee's Deed,[4] and they make no challenge to the form or timing of the notice to vacate. Indeed, the evidence establishes that the notice was sent to both Appellants by a law firm on M&T Bank's behalf, and the notice stated,

> This law firm represents the current owner of the above[-]described real property.
>
> On 07/04/2017, the above-described real property was sold at foreclosure sale, pursuant to the terms of the Deed of Trust securing said property[] and TEX. PROP. CODE § 51.002. Title to the subject property is now held by our current client.

---

[4]Appellants argue that because the affidavit was defective, the Substitute Trustee's Deed does not show M&T Bank's right to possession, and thus it does not show M&T Bank was a person authorized to make a demand for possession. As discussed herein, we reject that argument.

*NOTICE IS HEREBY GIVEN THAT YOU MUST VACATE THE PREMISES WITHIN THREE (3) DAYS.*

If you fail either to vacate the premises or to leave the property in a state of good and clean repair, we will be forced to take legal action against you to enforce our client's rights.

If you have any questions, please contact our office at the address or phone number above.

Appellants identify no deficiency in the notice,[5] and we see none. We overrule Appellants' first point.

## B. Lack of Standing

In their second point, Appellants couch the basis of their claim that M&T Bank lacked standing as follows:

*M&T's pleadings, and the predicate notice demanding possession, were made on the basis of a [S]ubstitute [T]rustee's [D]eed, the recitations of which were not to be treated by the trial court as* prima facie *evidence of a conveyance per* TEX. PROP. CODE §[ ]51.002(e), *because the deed not only does* not *contain an affidavit of a person averring from her or his own personal knowledge that there was compliance with* TEX. PROP. CODE §[ ]51.002(b) and (d) *in the manner of giving of notice. Therefore, the [S]ubstitute [T]rustee's [D]eed was not entitled to the evidentiary presumption provided by* TEX. PROP. CODE §[ ]51.002(e). Consequently,

---

[5]To the extent that Appellants' statement—that "[t]he inescapable conclusion is that a forcible[-]detainer plaintiff must make its own demand for possession[] and that the plaintiff not be allowed to proceed without establishing that it has in fact made proper demand through an authorized person"—argues that a demand for possession must have been made by M&T Bank itself rather than by an agent acting on its behalf, we have considered and rejected this identical argument in *Rosalez* and *Enriquez*. *See Rosalez*, 2021 WL 1918755, at *2; *Enriquez*, 2020 WL 719441, at *1. We noted that corporations act only through their agents and concluded that the presuit demand in those cases was properly sent through the plaintiff's agent. *See Rosalez*, 2021 WL 1918755, at *2; *Enriquez*, 2020 WL 719441, at *1. We likewise conclude in this case that it was sufficient under the statute for M&T Bank to send its presuit demand through an authorized agent.

> M&T never demonstrated standing, on the face of the public record or to the trial court, to claim title to the real property in question or that it had evidence of authority to make the statutorily required pre[]suit demand for possession. Such failure required abatement or dismissal of the case under the standard articulated by this [c]ourt in *A[ ]Plus Investments[, Inc.] v. Rushton*, [No. 02-03-00174-CV, 2004 WL 868866, at *2–3] (Tex. App.—Fort Worth [Apr. 22,] 2004[, no pet.) (mem. op.)]. [Emphasis added in italics.]

Appellants' argument is a recasting of the claim that the Substitute Trustee's Deed through which M&T Bank claims title has a defective affidavit that makes it potentially defective. We explained in detail in *Martinez* why *A Plus Investments* does not apply and why such a claim does not create a title issue so inextricably intertwined with the right to possession that the trial court lacked jurisdiction to hear the forcible-detainer suit, nor does it demonstrate that M&T Bank lacked a superior right of immediate possession. 2019 WL 5996984, at *4–5, *8; *see also Rosalez*, 2021 WL 1918755, at *2–3; *Enriquez*, 2020 WL 719441, at *2; *Askew*, 2020 WL 579121, at *2–3.[6] Accordingly, we overrule Appellants' second point.

---

[6]Within their second point, Appellants argue that M&T Bank failed to appropriately verify its petition. Although M&T Bank's counsel verified the document, Appellants contend that this was insufficient because Rule of Civil Procedure 510.3(a) requires an eviction petition to be "sworn to by the plaintiff." Tex. R. Civ. P. 510.3(a). "We have previously considered this same issue on several occasions and have concluded every time that a party's attorney may verify a petition in a forcible[-]detainer action as that party's agent." *Gaber*, 2021 WL 5367851, at *4 (collecting cases).

Appellants further argue that the petition "does not contain sufficient plausible statements and signature of an affiant before a notary who has taken the oath of the signer, in such a manner that perjury could be assigned to the attachments to the [p]etition." This issue was previously raised by Appellants' attorney in an appeal

## C. Substitute Trustee's Deed Not Entitled to Presumption of Validity

In the third rehash of their same complaint, Appellants argue that

[n]either M&T's pleadings nor its offered exhibits include a complete purported [S]ubstitute [T]rustee's [D]eed with an authenticating affidavit sufficient for purposes of TEX.[ ]PROP.[ ]CODE §[ ]51.002(e) to entitle it to be treated as *prima facie* proof of the matters recited therein, and no notice under the applicable rules was given of the filing of such in a form and manner to which [Appellants] could have objected through counsel before the November 9, 2022 trial. No critical recitations within the Substitute Trustee's Deed, and hence no statutorily sufficient notice to vacate, were properly before the trial court and were not entitled to any presumption of regularity or validity. Since a proper deed and affidavit would mean that the [S]ubstitute [T]rustee's [D]eed would be entitled to be treated as *prima facie* evidence of compliance, a deed inadequate on its face, which bore no sufficient TEX.[ ]PROP.[ ]CODE §[ ]51.002(e) affidavit[], should mean that the [Substitute Trustee's D]eed should not be adequate evidence on which to base a claim of superior right to possession, just as it would be insufficient to support validity of the sale in title litigation.

To briefly reiterate why this argument fails, the attack on the form of the affidavits did not prevent M&T Bank from claiming a superior right to possession and appears unfounded from a factual standpoint. *See Martinez*, 2019 WL 5996984, at *8;

decided by the Dallas Court of Appeals. *See Lua v. Cap. Plus Fin., LLC*, 646 S.W.3d 622, 630–31 (Tex. App.—Dallas 2022, pet. denied). The court in *Lua* set forth the applicable law—Texas Rule of Civil Procedure 510.3—and explained that the requirement set out in that rule is not jurisdictional; because it is not jurisdictional, appellants were required to preserve the issue by raising it in the county court. *See id.* at 631. Because appellants did not point the court to, nor could the court find, where they had raised this issue in the county court, and because the record showed that appellee's attorney had sworn to the eviction pleading on behalf of his client (thus satisfying the requirements of Rule 510.3), the Dallas Court of Appeals overruled the Luas' argument. *Id.* We are in a similar position: we have not been pointed to, nor can we find, where Appellants raised this issue in the district court. And we have held in the preceding paragraph that M&T Bank's counsel verified the document. We therefore overrule this argument.

*see also Rosalez*, 2021 WL 1918755, at \*3; *Askew*, 2020 WL 579121, at \*3. We overrule Appellants' third point.

**D.   Lack of Privity and Challenge to M&T Bank's Right to Rely on Tenancy-at-Sufferance Term of Deed of Trust**

In their fourth point, Appellants assert that the trial court erred by granting M&T Bank possession because it was not in privity of contract with Appellants in relation to the Deed of Trust and therefore did not show that it was entitled to rely on the "tenancy at sufferance" language in that instrument. We have rejected this same argument each time that it has been presented:

> [W]e have recently stated that "[t]he fact that the lender in the Deed of Trust does not match the holder identified in the Substitute Trustee's Deed . . . presents a question of title" and "does not undermine the showing of superior right to possession accorded Appellee because it was the grantee in the Substitute Trustee's Deed." *Martinez*, 2019 WL 5996984, at \*8 (citing *Deubler v. Bank of N.Y. Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at \*2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding that party was not required to present evidence establishing connection between deed of trust and substitute trustee's deed to establish superior right to possession)).

*Rosalez*, 2021 WL 1918755, at \*4 (quoting *Askew*, 2020 WL 579121, at \*3); *see also Martinez*, 2019 WL 5996984, at \*8.

M&T Bank was not required to establish privity of contract with Appellants in relation to the Deed of Trust. *See Rosalez*, 2021 WL 1918755, at \*4. It is sufficient that the Substitute Trustee's Deed shows that M&T Bank purchased the subject property at a foreclosure sale and so acquired the right to enforce the tenancy-at-

10

sufferance clause in the Deed of Trust. *See id.*; *Enriquez*, 2020 WL 719441, at *3.[7] We overrule Appellants' fourth point.

## E.     Continued Occupancy

In their fifth point, Appellants contend that the trial court erred by granting possession to M&T Bank because it did not present any evidence of Appellants' continued occupancy of the subject property. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017) (citing refusal to vacate premises as an element of a forcible-detainer action). Because neither party requested findings of fact and conclusions of law, the trial court's finding on this element is implied if there is sufficient evidence to support it. *See id.* at 480. Here, M&T Bank offered, and the trial court admitted into evidence at trial, a copy of M&T Bank's notice to vacate, which was addressed to "Gail E[.] Austin, Mary Heinen[,] And/Or All Current

---

[7]Appellants' fourth point also briefly mentions an impermissible counterclaim:

> [A]bsent proof of connection of the ownership of the lien of a deed of trust to the trustee granting the Substitute Trustee's Deed (which would require *prima facie* evidentiary status for the deed) as well as admission of the deed in spite of its issuance pursuant to a sale based on the *impermissible counterclaim*, then M&T had no standing to (a) issue pre[]suit demands for possession, or (b) seek to proceed to judgment at the trial on November 9, 2022 and/or to treat Austin and/or Heinen as a tenant at sufferance. [Emphasis added.]

As explained in *Gaber*, we have previously rejected challenges premised on the impermissible-counterclaim argument. 2021 WL 5367851, at *2. And as *Gaber* further pointed out, "any questions about defects in the foreclosure process or '[w]hether the sale of property under a deed of trust is invalid may not be determined in a forcible[-]detainer [action] and must be brought in a separate suit," which Appellants did not do. *See id.* (footnote and citations omitted).

Occupants," accompanied by a supporting business-records affidavit and tracking information showing that the notice was sent by certified mail, and Appellants do not argue that they did not receive the notice to vacate. *See Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *3–4 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that there was sufficient refusal-to-vacate evidence based in part on business records demonstrating notice). M&T Bank also filed a verified petition averring that despite its written demand to vacate the premises, Appellants had refused and continued to refuse to surrender possession.[8] *See Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 316 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (holding refusal-to-vacate evidence sufficient based in part on the bank's verified complaint).

After the justice court rendered judgment granting M&T Bank immediate possession of the property, Appellants filed a bond to maintain possession pending their appeal to the trial court. *See* Tex. Prop. Code Ann. § 24.0061. And the fact that Appellants appealed—from the justice court to the trial court—a judgment depriving them of possession is some acknowledgement that they were in possession of the property at the time of trial and had refused to vacate the property as demanded by

---

[8]M&T Bank's verified justice-court petition was accompanied by an affidavit averring that the facts in the petition "are true and correct."

12

M&T Bank.[9]  *See Gaber*, 2021 WL 5367851, at *5; *Rosalez*, 2021 WL 1918755, at *4; *Martinez*, 2019 WL 5996984, at *9; *see also Askew*, 2020 WL 579121, at *3 n.2.  Because there is legally sufficient evidence of Appellants' refusal to vacate the property, we overrule Appellants' fifth point.

## V.  Conclusion

Having overruled Appellants' five points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  December 14, 2023

---

[9]Appellants also filed a post-judgment motion to determine the amount of the supersedeas bond, and in that motion, Appellants described the property as their "residential homestead" and asked the trial court to permit them "to maintain possession of the [p]roperty without threat of eviction during the pendency of their appeal."