John W. LENZ and Shannon
E. Lenz, Appellants

v.

BANK OF AMERICA, N.A., Appellee

No. 04-16-00031-CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: September 14, 2016

Trial Court No. 2015CV00687

Honorable David J. Rodriguez, Judge
Presiding

Michael Brinkley, Fort Worth, TX, for appellant.

Mark Douglas, Cronenwett Mackie Wolf Zientz & Mann, PC, Dallas, TX, for appellee.

Sitting: Karen Angelini, Justice Marialyn Barnard, Justice Rebeca C. Martinez, Justice

## OPINION

Rebeca C. Martinez, Justice

John and Shannon Lenz appeal from a judgment for possession of real property entered in favor of Bank of America, N.A. ("the Bank") in a forcible detainer action. In two issues on appeal, the Lenzes assert (1) the trial court did not have jurisdiction to hear the case or render judgment because the Bank's original petition was not properly verified and (2) there is no evidence the Bank was entitled to rely on the tenancy at sufferance language in the deed of trust and the Bank was not in privity of contract with the Lenzes. We affirm.

## BACKGROUND

In 2007, the Lenzes executed a promissory note in favor of 1st Preference Mortgage Corp. b/d/a Preference Mortgage, Inc. ("Preference"). As security for the note, the Lenzes executed a deed of trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS")[1] on real property located in San Antonio. After the Lenzes defaulted on the note, the property was foreclosed on and sold to the Bank pursuant to a Foreclosure Sale Deed dated October 2, 2012. On November 3, 2014, the Bank mailed to the Lenzes a Notice to Vacate letter informing the Lenzes that it had purchased the property at a foreclosure sale and, based on the deed of trust, the Lenzes had three days to vacate the property. The letter informed the Lenzes that if they did not vacate the property, the Bank would file a forcible detainer lawsuit against them. The Lenzes refused to vacate, and the Bank filed its suit to evict the Lenzes. Following a bench trial, the court signed a judgment for possession of property in favor of the Bank. This appeal by the Lenzes ensued.[2]

## VERIFICATION OF PETITION

An affidavit signed by the Bank's attorney, Mr. Israel Saucedo, was attached to the Bank's petition.[3] In their first issue, the Lenzes contend that because the Bank's original petition was sworn to by its attorney, and not "by the plaintiff" as required by Texas Rule of Civil Procedure 510.3(a), the trial court erred in hearing the case and rendering judgment. The Lenzes contend the defect in the Bank's pleading was jurisdictional.

"Eviction cases are governed by Rules 500-507 and 510 of Part V of the Rules of Civil Procedure." TEX. R. CIV. P. 500.3(d). Rule 510.3 requires that "a petition in an eviction case must be sworn to *by the plaintiff* . . . ." TEX. R. CIV. P. 510.3(a) (emphasis added). "To the extent of any conflict between Rule 510 and the rest of Part V, Rule 510 applies." TEX. R. CIV. P. 500.3(d). The Lenzes argue that only a plaintiff may verify a petition in an eviction case because subpart (e) to Rule

---

1. MERS was beneficiary of the deed solely as nominee for Preference.

2. The Bank initially filed suit in the Justice Court, and, following an appeal, the County Court conducted a trial *de novo*. This appeal is from the County Court's judgment.

3. Mr. Saucedo attested he had read the petition and the facts stated therein were within his personal knowledge and were true and correct.

500.3 states that "other Rules of Civil Procedure and the Rules of Evidence do not apply except: (1) when the judge hearing the case determines that a particular rule must be followed to ensure that the proceedings are fair to all parties; or (2) when otherwise specifically provided by law or these rules." TEX. R. CIV. P. 500.3(e). Therefore, according to the Lenzes, there is no provision that applies to allow an attorney to verify a forcible detainer petition. The Lenzes also assert the general principal of waiver of pleading defects does not apply because strict compliance with the verification requirement of Rule 510.3 is required. These same arguments have been considered and rejected by several of our sister courts.

We agree with our sister courts that a verification signed by the bank's attorney—even if defective—does not deprive a county court of jurisdiction to hear a forcible detainer action. *Norvelle v. PNC Mortgage*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet.) (affidavit signed by bank's attorney and not the bank); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex.App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *see also Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *2–3 (Tex.App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (holding same with regard to affidavit of purchaser's agent's statement regarding his personal knowledge of facts); *Powell v. Mel Powers Inv. Builder*, 590 S.W.2d 837, 838 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ) ("neither the deficiency in the prayer of appellee's petition, nor its alleged failure to demand return of possession of the premises, deprives the trial court of subject matter jurisdiction in a forcible detainer case").

On the issue of whether Rule 510.3(a) precludes a bank's attorney from verifying a forcible detainer petition, we apply the rules of statutory construction. The same rules of construction that govern the interpretation of statutes govern the interpretation of the rules of civil procedure. *Norvelle*, 472 S.W.3d at 447 (citing *In re Christus Spohn Hosp.*, 222 S.W.3d 434, 437 (Tex.2007) (orig. proceeding)). We rely on the plain meaning of the text unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result. *Id.* (citing *Beeman v. Livingston*, 468 S.W.3d 534, 538 (Tex. 2015)).

The *Norvelle* court held that "nothing in the applicable rules invalidate[d] the Bank's petition[, which was verified by its attorney,] under rule 510.3." 472 S.W.3d at 447. The *Norvelle* court acknowledged that Rule 510.3 was entitled "Petition" and stated "a petition in an eviction case must be sworn to by the plaintiff." *Id.* However, the court disagreed with the appellants' argument that a conflict existed between Rule 510 and the rest of the rules, and held that the language of Rule 510.3, "when read in the context of the other rules of this section, clarifies who may sign a petition and swear to the facts contained therein." *Id.* at 447 & n. 3. For example, Rule 500.2 defines "plaintiff" as "a party who sues," and a "party" as "a person or entity involved in the case that is either suing or being sued, including all plaintiffs, defendants, and third parties that have been joined in the case." TEX. R. CIV. P. 500.2(u), (s). Rule 500.4 provides that, in an eviction case, individuals may represent themselves or have an authorized agent or attorney represent them and that corporations or other entities may be represented by non-attorney employees, owners, officers, or partners, a property manager or other authorized agent, or by an attorney. TEX. R. CIV. P. 500.4(a), (b). Finally, with the exception of oral motions made during

trial or when all parties are present, "every pleading, plea, motion, application to the court for an order, or other form of request must be written and signed by the party or its attorney and must be filed with the court." TEX. R. CIV. P. 502.1.

The *Norvelle* court next noted that corporations and other business entities generally may appear in court only through licensed counsel. *Norvelle*, 472 S.W.3d at 447; *see also Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex.1996) ("Generally a corporation may be represented only by a licensed attorney ... and an individual must appear in person or by an attorney"); *Custom–Crete, Inc. v. K–Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex.App.—San Antonio 2002, no pet.) (holding trial court was correct to not allow individual to participate at trial because he was a non-attorney attempting to represent defendant-company); TEX. R. CIV. P. 7 ("Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court."). "The reason for this rule is that a corporation or other business entity, as a fictional legal person, cannot literally appear in the flesh and sign anything." *Norvelle*, 472 S.W.3d at 448.[4]

The court then held as follows:

To hold, as the Norvelles urge us, that new rule 510.3(a) requires a corporation or other entity to physically sign a petition would defy the reality that business entities operate through their agents, and it would usurp the ability of these entities to have their day in court—an absurd or nonsensical result not contemplated by the supreme court when it modified the rules, and a contradictory

result when considered alongside the rest of the new rules, their purpose, and the pertinent provisions of the property code. ... Here, the petition filed in the justice court contained a verification sworn to by the Bank's counsel, stating her authority to make the affidavit and swearing that the facts contained in the pleading were both within her personal knowledge and true and correct. As she acted as the Bank's corporeal agent for purposes of instituting the action, this was sufficient to meet rule 510.3(a)'s requirements.

*Id.* at 449; *see also Randle v. Deutsche Bank National Trust Co.*, No. 05–14–01439–CV, 2016 WL 308711 (Tex.App.—Dallas Jan. 26, 2016, no pet.) (following *Norvelle*).

We agree with the analysis in *Norvelle* that Rule 510.3(a) does not preclude an attorney verifying an eviction petition filed on behalf of a corporate client.

For the reasons stated above, we conclude the trial court properly considered the Bank's petition. We next address the Lenzes' argument that the trial court erred in reaching its judgment in favor of the Bank.

## TENANCY AT SUFFERENCE

■ In their final issue, the Lenzes contend the Bank was not a beneficiary of the deed of trust "and absent proof of [a] connection of ownership of the lien of the Deed of Trust to the trustee granting the Substitute Trustee's Deed," the Bank had no standing to proceed to judgment. The Lenzes conclude there is no foundation for the Bank to claim either a superior right to possession of the property at the time of

---

4.  On appeal, the Lenzes acknowledge the general rule that corporations are represented by counsel, but they insist Rule 510.3 requires an authorized corporate officer to execute verifi-

cations in forcible detainer cases. The Lenzes provide no authority to support this argument.

trial, or to treat the Lenzes as tenants at sufferance.[5]

A forcible detainer action is used to determine the superior right to immediate possession of real property where there is no claim of unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex.App.—Dallas 2010, no pet.). "A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person ... is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease ...." TEX. PROP. CODE ANN. § 24.002(a)(2) (West 2014). To prevail in a forcible detainer action, a plaintiff need not prove title. TEX. R. CIV. P. 510.3(e); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex.App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, the plaintiff need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex.App.—Houston [1st Dist.] 2007, no pet.); *Dormady*, 61 S.W.3d at 557. Pursuant to section 24.002, a plaintiff must show (1) it owned the property by virtue of a deed from MERS, which obtained the property by substitute trustee deed after the foreclosure sale, (2) the defendant became a tenant at sufferance when the property was sold under the deed of trust, (3) the plaintiff gave proper notice to the defendant requiring him to vacate the premises, and (4) the defendant refused to vacate the premises. *Harrell v. Citizens Bank & Trust Co. of Vivian, Louisiana*, 296 S.W.3d 321, 328 (Tex.App.—Texarkana 2009, pet. dism'd w.o.j.); *Elwell v. Country-*

*wide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex.App.—Dallas 2008, pet. dism'd w.o.j.).

In this case, the original Deed of Trust executed by the Lenzes, as borrowers, contained a section entitled "Foreclosure Procedure" that stated, in pertinent part, as follows:

> If the Property is sold [in foreclosure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the Purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

The property was later sold at foreclosure to the Bank pursuant to a Foreclosure Sale Deed, which identified MERS as the original mortgagee and the Bank as the current mortgagee. The Lenzes refused to vacate the property after receiving the Bank's Notice to Vacate letter. Their continued possession of the property following the Bank's notice to vacate created a tenancy at sufferance. *See Clarkson v. Deutsche Bank Nat'l Trust Co.*, 331 S.W.3d 837, 839–40 (Tex.App.—Amarillo 2011, no pet.). The Lenzes' status as tenants at sufferance under the deed's Foreclosure Procedure section did not require that the Bank be a beneficiary of the original Deed of Trust in favor of MERS or the owner of the lien when it was foreclosed. *See Jimenez v. Fed. Nat'l Mortgage Ass'n*, 02–15–00229–CV, 2016 WL 3661884, at *3 (Tex. App.—Fort Worth July 7, 2016, no. pet. h.) (holding same).

---

**5.** We construe the Lenzes' argument as a challenge to the sufficiency of the evidence in support of the trial court's implied finding that the Bank established its superior right to immediate possession of the property. We re- view such a challenge under the well-established standards of review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005) (legal sufficiency); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985) (factual sufficiency).

Here, the Bank produced ownership of the property by way of the foreclosure deed, which showed that the property had been sold at a foreclosure sale and that the Bank had purchased the property at that sale. The Bank showed a landlord-tenant relationship by way of the original deed of trust, which contained a provision creating a tenancy at sufferance if the Lenzes refused to vacate the premises if the property was sold at a foreclosure sale. At trial and on appeal, the Lenzes do not dispute that they received notice to vacate. Because the original deed of trust gave rise to a tenancy at sufferance relationship upon foreclosure, the county court did not have to determine which party was the true owner of the property to resolve the question of possession, and, therefore, the court did not have to resolve a title dispute in order to determine who had the right to possession. *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex.App.—Houston [1st Dist.] 2004, pet. denied) ("The landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that Bank One had the right to immediate possession without resolving whether Bank One wrongfully foreclosed on the property, an issue relating directly to who has title to the property.").

We conclude the Bank met its burden in the forcible detainer action. *See Harrell*, 296 S.W.3d at 328 ("The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Bank and Harrell, which provided a basis for determining the right of possession."); *Clarkson*, 331 S.W.3d at 840 ("Here, Deutsche Bank proved up its right of possession by presenting evidence of the foreclosure, substitute trustee's deed, and notice to vacate the premises."). Therefore, the evidence is sufficient to support the trial court's judgment.

## CONCLUSION

We overrule the Lenzes' issues on appeal and affirm the trial court's judgment.