

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00183-CV

JAMES THOMAS AYERS III, APPELLANT

V.

CARRINGTON MORTGAGE SERVICES, LLC, APPELLEES

On Appeal from County Court No. 1, Ellis County, Texas
Trial Court No. 17-C-3679, Honorable Jim Chapman, Presiding

December 2, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This appeal involves a forcible entry and detainer action. James Thomas Ayers III appeals the final order of the trial court granting Carrington Mortgage Services, LLC possession of the realty. Carrington bought the realty from the purchaser at the foreclosure sale. Upon considering Ayers's four issues, we affirm.[1]

---

[1] Because this appeal was transferred from the Second Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

*Issue One – Proof of Right to Possession*

Ayers initially contends that the trial court should have abated the detainer action until Carrington's title to the property was established in some other proceeding. Because Carrington failed to "connect the dots" or establish its chain of title from the foreclosure sale, the judgment allegedly should be reversed. We overrule the issue.

Ayers's complaint is nothing more than one attacking the sufficiency of the evidence underlying the trial court's decision. To prevail in a forcible entry and detainer suit, the plaintiff is required to show sufficient evidence of a superior right to possession. *Hornsby v. Sec'y of Veterans Affairs*, No. 05-11-01075-CV, 2012 Tex. App. LEXIS 6880, at *5 (Tex. App.—Dallas Aug. 16, 2012, no pet.) (mem. op.); *accord Garcia v. HSBC Bank,* No. 02-11-00324-CV, 2012 Tex. App. LEXIS 471, at *1–2 (Tex. App.—Fort Worth Jan. 19, 2012, no pet.) (mem. op.) (stating that a plaintiff is not required to prove title, but only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession). Thus, the only issue is the right to possession. *Bierwirth v. AH4R I TX, LLC*, No. 01-13-00459-CV, 2014 Tex. App. LEXIS 11925, at *8 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014, no pet.) (mem. op.); *Garcia*, 2012 Tex. App. LEXIS 471, at *1. And, though the trial court may not consider whether the foreclosure and ensuing sale were proper, the existence of a title dispute does not deprive the court of jurisdiction over the forcible detainer action. *See Bierwirth*, 2014 Tex. App. LEXIS 11925, at *9.

Here, the evidence before the court consisted of four documents offered by Carrington. They were as follows: 1) a deed of trust signed by James Thomas Ayers III and Pamela Renee Ayers for the benefit of Mortgage Electronic Registration Systems,

2

Inc; 2) a substitute trustee's deed, conveying the realty to Taylor, Bean & Whitaker Mortgage Corporation; 3) a special warranty deed conveying the property from Taylor, Bean & Whitaker to Carrington; and 4) a business records affidavit to which were attached notices to vacate addressed to James Thomas Ayers III, Pamela Renee Ayers, and "occupant(s) and/or tenant(s)" of the property. Furthermore, it is undisputed that Ayers did not vacate the property. Finally, within paragraph eighteen of the deed of trust appeared the following language: "If the Property is sold pursuant to [foreclosure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ [of] possession . . . ."

Virtually identical evidence was presented in *Hornsby*. It consisted of 1) a substitute trustee's deed showing U.S. Bank purchased the property at the foreclosure sale, 2) the warranty deed transferring title of the property from U.S. Bank to the Secretary of Veterans Affairs, 3) the deed of trust executed by Felix and Donjell in October 2003, 4) the notices to vacate sent to Felix, Donjell, and all occupants, and 5) testimony showing the property was still occupied. *See Hornsby*, 2012 Tex. App. LEXIS 6880, at *3. And, the *Hornsby* court found it sufficient to support the judgment awarding possession to the Secretary of Veterans Affairs. *Id.* at *7–8; *see also Jimenez v. Fed. Nat'l Mortg. Ass'n,* No. 02-15-00229-CV, 2016 Tex. App. LEXIS 7192, at *7–8 (Tex. App.—Fort Worth July 7, 2016, no. pet.) (mem. op.) (also holding virtually identical evidence to be sufficient). The same is no less true, at bar. And, "[a]lthough [Ayers] challenges the chain of title to

3

the property, 'the merits of the title shall not be adjudicated' in a forcible detainer action."

*Hornsby*, 2012 Tex. App. LEXIS 6880, at *8 (quoting TEX. R. CIV. P. 746).

*Issue Two – Missing Oath*

Ayers next contends that, since the pleadings of Carrington were not "sworn to by Plaintiff," they were defective, which defect was "jurisdictional."[2]  Consequently, the trial court allegedly erred in awarding possession to Carrington.  Yet, in an action for forcible detainer, a defective verification does not deprive the trial court of jurisdiction.  *Randle v. Deutsche Bank Nat'l Trust Co.*, No. 05-14-01439-CV, 2016 Tex. App. LEXIS 749, at *14 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op.); *see Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied); *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet.).  Nor does the fact that the petition was signed by the plaintiff's attorney alone render it defective.  *See Norvelle,* 472 S.W.3d at 447–49.  We overrule the issue.

*Issue Three – Pre-Suit Demand*

Ayers next contends that the trial court erred because Carrington "had not made a valid pre-suit demand for possession with capacity to make such demand."  In other words, "there was no visible connection in the record from Ayers all the way to Carrington . . . [and] there were, in fact, gaps in authority and/or ownership of the Property."  This argument likens to that raised in the first point of error, and we overrule it, like we did Issue One, for similar reasons.  The evidence was sufficient to entitle Carrington to

---

[2] Per Rule 510.3(a) of the Texas Rules of Civil Procedure, "a petition in an eviction case must be sworn to by the plaintiff."  TEX. R. CIV. P. 510.3(a).  Carrington's was signed by its attorney, who swore the facts stated therein were within his personal knowledge and true and correct.

4

possession.  So, it was sufficient to give Carrington, through its attorney/agent, standing to demand possession, as its attorney did here.

*Issue Four – Privity to Deed of Trust*

Ayers's final issue is also reiteration of the same theme expressed in Issues One and Three.  Because Carrington 1) was not a party to the deed of trust containing the clause designating borrowers, and their privies, as tenants at sufferance upon foreclosure and 2) failed to establish the aforementioned chain of title, Carrington allegedly could not invoke the clause.  We overrule the issue.

A purchaser at a foreclosure sale is not required to provide proof that it was a beneficiary of the original Deed of Trust or the owner of the lien when it was foreclosed upon to rely on a tenant at sufferance clause within the deed.  *Hill v. JPMorgan Chase Bank, N.A.*, No. 10-16-00365-CV, 2017 Tex. App. LEXIS 7353, at *2–3 (Tex. App.—Waco Aug. 2, 2017, pet. denied) (mem. op.); *Lenz*, 510 S.W.3d at 671; *Jimenez,* 2016 Tex. App. LEXIS 7192, at *7–8.  Furthermore, the evidence of record established the requisite links from deed of trust to acquisition by Carrington of the property, as previously discussed. So, foreclosure rendered Ayers a tenant at sufferance and subject to removal, per the deed of trust.

All issues having been overruled, the judgment is affirmed.


Brian Quinn
Chief Justice