**Affirmed and Opinion Filed May 26, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-19-01227-CV
_____

### RODOLFO ESPINOSA LUA AND ANEL LUA, Appellants
### V.
### CAPITAL PLUS FINANCIAL, LLC, Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02051-C**

## OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Osborne

Rodolfo Espinoza Lua and Anel Lua appeal the trial court's final judgment in a forcible-detainer action in favor of Capital Plus Financial, LLC. The Luas raise five issues on appeal arguing the county court erred because: (1) the presuit notice to vacate was defective; (2) defects in the foreclosure sale deprived Capital Plus of standing to pursue its claim for possession; and (3)–(5) (a) the trial court abused its discretion when it admitted Capital Plus's evidence and (b) Capital Plus offered no evidence to show (i) the trustee's deed is entitled to a presumption of validity so it cannot be considered as evidence of Capital Plus's superior right to possession, (ii) its ownership of the property, or privity with the Luas which would allow Capital

Plus to use the deed's tenancy-at-sufferance clause to dispossess them of the property, and (iii) the Luas' continued occupancy of the subject property. The county court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2017, the Luas executed a deed of trust to secure payment of an extension of credit concerning real property. The security agreement provided that, in the event of default, the lender could require immediate repayment of all sums under the terms of the loan and invoke the power of sale. It also authorized the foreclosure sale of the property to the highest bidder and permitted purchase of the property by the lender or its designee. In addition, the security instrument stated that, if the property was sold at a foreclosure sale, the Luas would immediately surrender the property to the purchaser. However, if the Luas did not surrender possession, they would become tenants at sufferance and could be removed by writ of possession or other court proceeding.

The Luas defaulted, and the mortgage servicer initiated foreclosure proceedings. On December 4, 2018, Capital Plus acquired the property at a non-judicial foreclosure sale. On February 5, 2019, through its legal counsel, Capital Plus sent written notice to vacate and demand for possession of the property to the Luas.

Capital Plus filed an original petition for eviction in justice court (trial court cause no. JE-1900284E). After a bench trial, the justice court signed a judgment in

–2–

favor of Capital Plus for possession of the property and noted that the Luas had failed to answer or deny the suit. The Luas appealed the justice court's judgment to the county court (trial court cause no. CC-19-02051-A) for a trial de novo.[1]

During a bench trial before the county court, Capital Plus offered three exhibits to support its claim for possession: (1) a trustee's deed documenting Capital Plus's purchase of the property at a foreclosure sale and the transfer of the deed of trust to Capital Plus; (2) a notice to vacate addressed to the Luas and dated February 5, 2019, sent by Capital Plus's legal counsel; and (3) a deed of trust documenting the security interest. These documents were admitted into evidence without objection. The county court judge rendered judgment in favor of Capital Plus and signed written findings of fact and conclusions of law.

## II.  PRESUIT DEMAND

In issue one, the Luas argue the presuit notice to vacate was defective. They contend that under the language of the statute, only Capital Plus could have properly sent them the notice and the actions of Capital Plus's attorney do not suffice. The Luas maintain that Texas Property Code §§ 24.002(b) and 24.005 limit the types of parties who may send the notice to vacate. As a result, they argue that only a demand sent by Capital Plus would be sufficient.

---

[1] *See* TEX. R. CIV. P. 510.10(c).

### A. Applicable Law

In a suit involving a tenant at will or tenant by sufferance, § 24.005(b) requires the plaintiff to give the tenant written notice to vacate three days before the plaintiff files a forcible-detainer suit unless the parties contracted for a different notice period. TEX. PROP. CODE ANN. § 24.005(b); *see also Howard v. U.S. Bank Nat'l Ass'n as Trustee of OWS REMIC Tr. 2013-1*, No. 05-19-00315-CV, 2020 WL 3786215, at *2 (Tex. App.—Dallas July 7, 2020, pet. denied) (mem. op.). The demand for possession must be made in writing by a person entitled to possession of the property. PROP. § 24.002(b); *see also Howard*, 2020 WL 3786215, at *2. The Texas Property Code does not forbid a corporation or other business entity from using an agent to deliver demand for possession. *Howard*, 2020 WL 3786215, at *2. This sort of agency arrangement is approved and contemplated by the governing rules for this type of suit, which recognize that "in an eviction case," a corporation may "be represented by a property manager or other authorized agent." TEX. R. CIV. P. 500.4(b)(2); *see also Howard*, 2020 WL 3786215, at *2. Written demand for possession by a corporation's or business entity's property manager or other authorized agent is sufficient to satisfy the requirement in § 24.005 of the Texas Property Code that the demand for possession be made in writing by a person entitled to possession of the property. *Howard*, 2020 WL 3786215, at *2.

## B. Application of the Law to the Facts

We construe the Luas' argument to challenge the following finding of fact made by the county court:

> 8.  The [county] [c]ourt f[inds] that the notice requirements under the Property Code were met by [Capital Plus] by sending the 3[-]day letter dated February 5, 2019 to the [Luas] prior to [Capital Plus] filing the eviction suit, and the [county] [c]ourt admitted said letter into evidence without objection.

Also, we construe the Luas' argument to challenge the following conclusions of law by the county court:

> 7.  The [county court] applied Texas Property Code [§] 24.005.
>
> 8.  The [county court] applied Texas Property Code [§] 24.002.

The Luas do not contend that they did not receive a notice to vacate or deny that they refused to vacate the premises. Rather, they claim that the notice to vacate was inadequate under the statute because it was sent by Capital Plus's attorney. The record shows that the notice to vacate was sent by a law firm representing Capital Plus. This sort of agency arrangement is approved and contemplated by the governing rules for this type of suit, which recognize that "in an eviction case," a corporation may "be represented by a property manager or other authorized agent." TEX. R. CIV. P. 500.4(b)(2); *see also Howard*, 2020 WL 3786215, at \*2. Here, the law firm stated in the demand that it was representing Capital Plus. We considered— and rejected—this identical argument in *Howard*, 2020 WL 3786215, at \*2.

–5–

Accordingly, we conclude that Capital Plus acted properly through its law firm in sending the presuit demand.

The Luas also argue that the foreclosure sale was void because the foreclosure violated a temporary restraining order (TRO). This argument fails because: (1) the TRO is from a different proceeding and is not in the appellate record; and (2) defects in the foreclosure process cannot be considered in a forcible-detainer action. *See Howard*, 2020 WL 3786215, at \*3. A copy of a TRO is attached to the Luas' brief, but we cannot consider attachments not included in the appellate record. *See Pitts v. Bank of N.Y. Mellon Tr. Co., Nat'l Ass'n*, 622 S.W.3d 596, 599 (Tex. App.—Dallas 2021, no pet.).

Issue one is decided against the Luas.

### III. JURISDICTION

In issue two, the Luas argue that: (1) defects in the foreclosure sale deprived Capital Plus of standing to pursue its claim for possession;[2] and (2) the county court judge erred in hearing the case and rendering judgment because Capital Plus's petition for eviction was not a valid pleading on which judgment could have been granted because it was not sworn to by Capital Plus. We construe the Luas' arguments to challenge the following finding of fact made by the county court:

---

[2] Although the Luas appear to argue standing in a jurisdictional sense, they ask us to render judgment in their favor or remand the case rather than dismiss the forcible-detainer action for want of jurisdiction. *See Pike v. Tex. EMC Mgmt., L.L.C.*, 610 S.W.3d 763, 774 (Tex. 2020); *Howard*, 2020 WL 3786215, at \*2 n.2.

–6–

9. The [county] [c]ourt decline[s] to rule on any other pretrial or trial motions filed by the [Luas] including a plea to the jurisdiction, and the [county] [c]ourt [finds] prior to the start of the trial that the County Court at Law #3 [has] jurisdiction for this direct appeal from the justice of the peace court Precinct 2, Place 2, Dallas County, Texas.

Also, we construe the Luas' argument to challenge the following conclusions of law by the county court:

1. The [county] [c]ourt [concludes] it [has] jurisdiction over the parties and the case from a direct appeal from the Justice of the Peace Precinct 2, Place 2, Dallas County, Texas by and through an order from the County Court at Law #1 with permission of the County Court at Law #3 accepting said transfer of the appeal and holding a trial de novo on the issue of possession from a forcible detainer lawsuit.

2. The [county] [c]ourt denied any pleas to the jurisdiction filed by [the Luas] at the Justice of the Peace level.

### A. Standing

In the first part of issue two, the Luas claim that Capital Plus lacks standing based on a series of dependent events. They maintain that: (1) because Capital Plus failed to submit an affidavit verifying its observance of certain requirements prior to the sale of the property, there are defects in the sale; (2) because there are defects in the sale, the resulting trustee's deed is invalid; (3) because the trustee's deed is invalid, Capital Plus lacks standing to prosecute its claim; and (4) because Capital Plus lacks standing, its petition is invalid and the trial court lacks jurisdiction.

–7–

## 1. Standard of Review

Standing is a legal question regarding subject-matter jurisdiction, so an appellate court conducts a de novo review of a trial court's ruling. *See In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018); *Howard*, 2020 WL 3786215, at \*3.

## 2. Applicable Law

To have standing, the pleader bears the burden of alleging facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Howard*, 2020 WL 3786215, at \*3. When the issue of standing is unchallenged, a trial court looks solely at the plaintiff's pleadings. *Howard*, 2020 WL 3786215, at \*3. However, when standing is challenged, the burden of proof is on the person whose interest is challenged to present sufficient evidence to prove that he is an interested person. *Id*.

Standing is a component of subject-matter jurisdiction. *Tex. Air Control Bd.*, 852 S.W.2d at 445–46; *see also Howard*, 2020 WL 3786215, at \*3. Under Texas law, the standing inquiry requires examination of the following: (1) the plaintiff must be personally injured—he must plead facts demonstrating that he (rather than a third party) suffered the injury—and the injury must be concrete and particularized, actual or imminent, not hypothetical; (2) the plaintiff's alleged injury is fairly traceable to the defendant's conduct; and (3) the plaintiff's alleged injury is likely to be redressed by each form of requested relief. *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477,

485 (Tex. 2018); *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 154–55 (Tex. 2012); *see also Howard*, 2020 WL 3786215, at *3.

### 3. Application of the Law to the Facts

In its petition for eviction filed in the justice court, Capital Plus alleged that it purchased the property at a public sale authorized by the deed of trust, the Luas were given notice to vacate on December 13, 2018, and again on February 5, 2019, the Luas are tenants at sufferance, and they have failed to surrender possession of the property. These allegations by Capital Plus allege a concrete injury suffered personally by the company that is fairly traceable to the Luas' failure to vacate the property, which would likely be resolved by the county court's writ of possession. *See Howard*, 2020 WL 3786215, at *3. Also, the following documents were admitted into evidence during the trial before the county court: (1) a trustee's deed documenting Capital Plus's purchase of the property at a foreclosure sale and the transfer of the deed of trust to Capital Plus; (2) a notice to vacate addressed to the Luas and dated February 5, 2019, sent by Capital Plus's legal counsel; and (3) a deed of trust documenting the security interest. The record reveals no defect in standing. *See id.*

Further, the foreclosure defects of which the Luas complain do not relate to standing and are not at issue in this suit. *See Shields L.P. v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017); *Howard*, 2020 WL 3786215, at *3. The sole issue in a forcible-detainer action is the right to immediate possession of real property. TEX.

–9–

R. Civ. P. 510.3(e); *Shields*, 526 S.W.3d at 478; *see also Howard*, 2020 WL 3786215, at \*3. Any defects in the foreclosure process or with the title to the property may not be considered in a forcible-detainer action.[3] *Howard*, 2020 WL 3786215, at \*3. Those defects may be pursued in suits for wrongful foreclosure or to set aside the trustee's deed, but they are not relevant in a forcible-detainer action. *Id*. The Luas' allegations concerning foreclosure defects relate to the question of which party has the right to title or damages, not standing. The existence of a quarrel over title does not deprive the justice court, the county court, or this appellate court of jurisdiction. *See id*.

The Luas rely on *A Plus Investments, Inc. v. Rushton*, No. 02-03-00174-CV, 2004 WL 868866 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.), for the proposition that the alleged defect in the statutorily-required presuit notice required the trial court to abate or dismiss this case. However, *A Plus* held that the county court lacked jurisdiction over a forcible detainer suit "[b]ecause an

---

[3] When there are grounds for determining immediate possession independent from title, the justice court and county court will have jurisdiction to hear the forcible-detainer action. *Howard*, 2020 WL 3786215, at \*3 n.3. Not only can the right to immediate possession be determined separately from the right to title, but the Texas Legislature purposely established just such a system. *See id*. Challenges to the validity of a foreclosure sale do not deprive the justice court or county court of jurisdiction. *See id*.

Generally, a justice court or county court is not required to determine questions of title when considering a forcible-detainer suit if the contract provides for a landlord–tenant relationship upon default, the buyer becomes a tenant by sufferance in the event of default, or the buyer is subject to a forcible-detainer suit upon default. *See id*. Tenant-by-sufferance clauses separate the issue of possession from the issue of title. *See id*. Under these provisions, a foreclosure sale transforms the borrower into a tenant by sufferance who must immediately relinquish possession to the foreclosure-sale purchaser. *See id*. Accordingly, if a deed of trust provides that in the event of foreclosure, the previous owner will become a tenant by sufferance if he does not surrender possession, the justice court and county court can resolve possession without resort to title. *See id*.

unresolved question of title was so intertwined with the right of possession that the action could not have been adjudicated without first determining title." *Id.* at *1. Further, a challenge to the form of a trustee's deed does not forestall a claim of superior title. *Rosalez v. Foson Invs., LLC*, No. 02-20-00023-CV, 2021 WL 1918755, at *3 (Tex. App.—Fort Worth May 13, 2021, pet. denied) (mem. op.). Accordingly, the defect alleged by the Luas does not present the same fundamental issue that was present in *A Plus*.

We conclude the Luas have not demonstrated that Capital Plus lacked standing to pursue its forcible-detainer action or that the courts below lacked jurisdiction over that action. The first part of issue two is decided against the Luas.

### B. Pleading Requirements

In the second part of issue two, the Luas argue Capital Plus's petition for eviction does not meet the threshold requirement of Texas Rule of Civil Procedure 510.3 that a forcible-detainer petition be sworn to by the plaintiff. They contend that the attorney for Capital Plus is not a party in interest, his verification is insufficient to satisfy Rule 510.3, and, as a result, the petition was not signed in a manner that perjury could be assigned.

### 1. Applicable Law

Under Texas Rule of Civil Procedure 510.3, a petition for eviction must, among other things, be sworn to by the plaintiff. TEX. R. CIV. P. 510.3(a). An attorney's verification of an eviction pleading on behalf of a corporate client satisfies

–11–

the requirements of Rule 510.3. *See Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 312 (Tex. App.—Houston [1st Dist.] 2018, pet. denied); *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied).

Further, the requirement set out in Rule 510.3 is not jurisdictional. *Wreh v. Gianotos*, No. 05-19-01213-CV, 2021 WL 2548708, at *2 (Tex. App.—Dallas June 22, 2021, pet. denied) (mem. op.); *Rosas v. Chih Ting Wang*, No. 05-18-01013-CV, 2019 WL 3986301, at *4–5 (Tex. App.—Dallas Aug. 23, 2019, no pet.) (mem. op.). Accordingly, a defective verification does not deprive a county court of jurisdiction to hear a forcible-detainer action. *See Wreh*, 2021 WL 2548708, at *2; *Rosas*, 2019 WL 3986301, at *4–5.[4]

### 2. Application of the Law to the Facts

The alleged failure by Capital Plus to comply with Rule 510.3 is not jurisdictional. *See Wreh*, 2021 WL 2548708, at *2; *Rosas*, 2019 WL 3986301, at *4–5. As a result, the Luas were required to preserve the issue by raising it in the county court. *See Wreh*, 2021 WL 2548708, at *2. The Luas do not point us to, nor could we find where they raised this issue in the county court. Nevertheless, the record shows that Capital Plus's attorney swore to the eviction pleading on behalf of his client, which satisfies the requirements of Rule 510.3. *See Isaac*, 563 S.W.3d at 312; *Lenz*, 510 S.W.3d at 669.

---

[4] *See also Isaac*, 563 S.W.3d at 312; *Banks v. Bank of Am., N.A.*, No. 03-16-00046-CV, 2017 WL 1832489, at *1 n.2 (Tex. App.—Austin May 4, 2017, no pet.) (mem. op.); *Lenz*, 510 S.W.3d at 669; *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet).

The second part of issue two is decided against the Luas.

## IV. EVIDENTIARY COMPLAINTS

In issues three through five, the Luas raise two distinct arguments: (1) the trial court erred when it admitted Capital Plus's exhibits into evidence; and (2) the evidence is legally insufficient to support the trial court's findings of fact and the county court erred in its conclusions of law because Capital Plus's evidence was essentially no evidence.[5]

### A. *Admission of Evidence*

In the first part of issues three through five, the Luas argue that the county court abused its discretion when it admitted the following evidence: (1) the trustee's deed documenting Capital Plus's purchase of the property at a foreclosure sale and the transfer of the deed of trust to Capital Plus; (2) a notice to vacate addressed to the Luas and dated February 5, 2019, sent by Capital Plus's legal counsel; and (3) the deed of trust documenting the security interest. Capital Plus responds that the Luas failed to preserve their complaint for review because they did not object to the admission of the evidence.

To preserve error for appellate review, a party must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the

---

[5] We note that the Luas do not specify whether they are challenging the legal or factual sufficiency of the evidence. However, because the Luas argue there was "no evidence" to support the judgment, we construe their issues as raising only legal sufficiency arguments. *See Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 701 (Tex. App.—Dallas 2019, no pet.).

ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A); *see also Howard*, 2020 WL 3786215, at *4.

The county court made the following findings of fact:

3.      The [county [c]ourt [finds] . . . [the Trustee's Deed] was admitted into evidence without objection.

. . . .

6.      The [county] [c]ourt [finds] the [county] [c]ourt admitted the deed of trust into evidence without objection.

. . . .

8.      The [county] [c]ourt [finds] . . . the [county] [c]ourt admitted [the 3-day letter dated February 5, 2019] into evidence without objection.

The record shows that the Luas did not object to the admission of this evidence. Accordingly, the Luas have not preserved the first part of issues three through five for appellate review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Howard*, 2020 WL 3786215, at *4.

### B. *Legal Sufficiency of the Evidence*

In the second part of issues three through five, the Luas argue that there is no evidence to show: (1) the trustee's deed is entitled to a presumption of validity so it cannot be considered as evidence of Capital Plus's superior right to possession; (2) Capital Plus owns the property or had privity with the Luas which would allow Capital Plus to use the deed's tenancy-at-sufferance clause to dispossess them of the property; and (3) the Luas continued occupancy of the subject property. As a result,

they claim there is no evidence to support the trial court's conclusion that Capital Plus was entitled to possession of the property.

## 1. Standard of Review

Evidence is legally insufficient to support a finding when: (1) the record bears no evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Shields*, 526 S.W.3d at 480; *see also Howard*, 2020 WL 3786215, at *4. When determining whether legally sufficient evidence supports a finding, an appellate court must consider evidence favorable to the finding if the factfinder could reasonably do so and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Shields*, 526 S.W.3d at 480; *see also Howard*, 2020 WL 3786215, at *4.

## 2. Applicable Law

To establish a superior right to immediate possession, the person entitled to possession has the burden to prove: (1) it owns the property; (2) the person who refuses to surrender possession is a tenant at will, tenant at sufferance, or a tenant or subtenant willfully holding over after the termination of the tenant's right of possession; (3) the person entitled to possession gave proper notice to vacate the premises to the person refusing to surrender possession; and (4) the person refusing

–15–

to surrender possession refused to vacate the premises.  PROP. § 24.002; *Shields*, 526

S.W.3d at 478; *see also Howard*, 2020 WL 3786215, at *2.

### 3.  Application of the Law to the Facts

We construe the Luas' arguments to challenge the sufficiency of the evidence

to support the following findings of fact made by the county court:

1.    The [county] [c]ourt [finds] that Capital Plus [] is a limited liability company in the State of Texas that is the current owner of "the property". . . .

. . . .

3.    The [county] [c]ourt [finds] that Capital Plus [] is the owner through the [] trustee's deed dated December 4, 2018 after a non-judicial foreclosure was held on the first Tuesday of the Month, here, December 4, 2018, and the purchaser and current owner is Capital Plus [], and said [] Trustee's Deed is filed under Instrument 201800316976, Dallas County Real Property Records on December 4, 2018, and which Instrument was admitted into evidence without objection.

4.    The [county] [c]ourt [finds] that [the Luas] do not currently have a leasehold in the property.

5.    The [county] [c]ourt [finds] that through the Deed of Trust executed by the [Luas] and filed of record in Instrument 201700059077, on February 28, 2017, Dallas County Real Property records, and the [county] [c]ourt [finds] in Paragraph 22 of that Instrument that the [Luas] are the borrowers under the deed of trust and the [Luas] are tenants at sufferance that may be removed from the property by a writ of possession if the property was sold according to the material terms of the deed of trust.

First, we address the Luas' argument that there is no evidence to show the

trustee's deed is entitled to a presumption of validity and, therefore, it cannot be

considered as evidence of Capital Plus's superior right to possession.  The trustee's

–16–

deed was admitted into evidence without objection. The trustee's deed states that "[n]otices stating the time, place and terms of the sale of the property were posted and filed, as shown by the affidavit attached to this deed and incorporated in it by this reference."

In support of their argument, the Luas rely solely on *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135 (Tex. App.—Corpus Christi–Edinburg 2008, no pet.). But *Sauceda* concerned a suit for wrongful foreclosure, one element of which is proof of a defect in the foreclosure-sale proceedings. *See id.* at 136, 139. As noted above, defects in the foreclosure process are not relevant in a forcible-detainer action. *Howard*, 2020 WL 3786215, at *3; *see also Rosalez*, 2021 WL 1918755, at *3; *Enriquez v. Capital Plus Fin., L.L.C.*, No. 02-19-00184-CV, 2020 WL 719441, at *2 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.). Viewing the evidence in the light most favorable to Capital Plus, we conclude the evidence is sufficient to demonstrate Capital Plus's superior right to possession.

Second, we address the Luas' argument that there is no evidence to show Capital Plus owns the property or had privity with the Luas that would allow Capital Plus to use the deed's tenancy-at-sufferance clause to dispossess them of the property. Relying on § 51.002 of the Texas Property Code, they claim Capital Plus failed to introduce evidence of authority to make presuit demand. *See* PROP. § 51.002.

–17–

However, § 51.002 is not applicable to this case. That section addresses the required notice of a foreclosure sale to be provided to the debtor prior to sale. *See id.* Whether the sale of property under a deed of trust is invalid may not be determined in a forcible-detainer action. *See Greunke v. Beal Bank, SSB*, No. 12-19-00266-CV, 2020 WL 2177235, at *1 (Tex. App.—Tyler May 6, 2020, no pet.) (mem. op.).

The record shows there was evidence that the Luas executed a deed of trust to secure payment of an extension of credit concerning the property. After the Luas' default, the mortgage-servicer-initiated foreclosure proceedings and the trustee's deed show that Capital Plus acquired the property at a non-judicial foreclosure sale, making Capital Plus the rightful owner. Capital Plus was not required to establish privity of contract with the Luas in relation to the deed of trust. *See Rosalez*, 2021 WL 1918755, at *4. It is sufficient that the trustee's deed shows that Capital Plus purchased the subject property at a foreclosure sale and acquired the right to enforce the tenancy-at-sufferance clause in the deed of trust. *See id.* And, in this case, the trustee's deed gave Capital Plus a right to enforce the tenancy-at-sufferance clause against the Luas. Viewing the evidence in the light most favorable to Capital Plus, we conclude the evidence is sufficient to demonstrate Capital Plus's ownership of the property. *See Howard*, 2020 WL 3786215, at *4.

Third, we address the Luas' argument that there is no evidence of their continued occupancy of the subject property. We construe the Luas' argument to challenge the following finding of fact by the county court:

5. [T]he [county] [c]ourt [finds that . . . the [Luas] are tenants at sufferance that may be removed from the property by writ of possession.

The record on appeal shows Capital Plus sent notice to the Luas demanding they vacate the property and its attorney swore to the petition for eviction. In addition, the record shows that, at the conclusion of the trial, the county court judge and counsel for both parties discussed the amount of time Capital Plus would agree to give the Luas to vacate the property and the amount of a monthly bond in the event the Luas appealed the county court's judgment. In fact, counsel for the Luas challenged the proposed amount of the bond as being greater than the mortgage payment and was successful in getting the amount reduced. Further, the fact that the Luas appealed the justice court judgment depriving them of possession is some evidence that they were in possession of the property at the time of the county-court trial and had refused to vacate it as demanded by Capital Plus. *See Rosalez*, 2021 WL 1918755, at *4. Viewing the evidence in the light most favorable to Capital Plus, we conclude the evidence is sufficient to demonstrate the Luas' continued occupancy of the property.

Finally, we construe the Luas' argument to challenge the following conclusion of law by the county court:

–19–

3. The [county] [c]ourt [concludes] that possession of the property should be granted to [Capital Plus] and [has] executed a written judgment stating [the] same.

The trial court's findings of fact and the evidence at trial support this challenged conclusion of law.

For all the foregoing reasons, we conclude there was legally sufficient evidence to support the county court's judgment and the county court did not err when it concluded Capital Plus was entitled to possession of the property.

The second part of issues three through five are decided against the Luas.

## V. CONCLUSION

We affirm the county court's final judgment.

/Leslie Osborne//
LESLIE OSBORNE
JUSTICE

191227f.p05

–20–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RODOLFO ESPINOSA LUA AND ANEL LUA, Appellants

No. 05-19-01227-CV  V.

CAPITAL PLUS FINANCIAL, LLC, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas Trial Court Cause No. CC-19-02051-C.
Opinion delivered by Justice Osborne. Justices Pedersen, III and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CAPITAL PLUS FINANCIAL, LLC recover its costs of this appeal and the full amount of the trial court's judgment from appellants RODOLFO ESPINOSA LUA and ANEL LUA and from the cash deposit in lieu of supersedeas bond.

After the judgment and all costs have been paid, we **DIRECT** the clerk of the county court to release the balance, if any, of the cash deposit in lieu of supersedeas bond to appellants RODOLFO ESPINOSA LUA and ANEL LUA.

Judgment entered this 26th day of May, 2022.