

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00209-CV

John M. **HERRMANN**, and Conchita L. **HERRMANN**,
Appellants

v.

**CREDIT UNION OF TEXAS**,
Appellee

From the County Court At Law No 2, Guadalupe County, Texas
Trial Court No. 2025-CV-0057
William (Bill) G. Squires III, Judge Presiding

PER CURIAM

Sitting: Rebeca C. Martinez, Chief Justice
    H. Todd McCray, Justice
    Velia J. Meza, Justice

Delivered and Filed: August 6, 2025

DISMISSED AS MOOT

This is an appeal in a forcible detainer action. The clerk's record shows the property at issue was purchased at a non-judicial foreclosure sale on January 7, 2025. The county court at law signed a judgment of possession in favor of appellee on March 31, 2025. The clerk's record shows that the county court set a supersedeas bond of $4,000 to stay execution of the judgment, but the record does not show that appellant paid the bond. The record further shows the county court at

law issued a writ of possession to enforce the March 31 judgment, and the writ of possession was executed on April 11, 2025.

Appellants Michael and Conchita Herrmann filed their notice of appeal on March 31, 2025. On April 24, 2025, Appellee filed a motion to dismiss this appeal, asserting the appeal is moot given that the Herrmanns failed to post the supersedeas bond within ten days of the date of the judgment as required by Texas Property Code section 24.007. The Herrmanns filed an amended objection to the motion to dismiss on April 29, 2025.

"A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (original proceeding). Generally, an appeal is moot when the court's actions on the merits cannot affect the parties' rights or interests. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018).

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to pay a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786.

If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless she: (1) timely and clearly expressed her intent to appeal; and

(2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87. Accordingly, because the Hermanns failed to post the supersedeas bond, they must show they have asserted a potentially meritorious claim to current possession of the property. After reviewing the record and the Herrmanns' amended objection to the motion to dismiss on April 29, 2025, we conclude they have not done so.

On December 9, 2021, the Herrmanns signed a deed of trust encumbering the property. Under the terms of the deed of trust, the Herrmanns conveyed the property to a trustee in trust, with the power of sale to cure a default. Section 21 of the deed of trust permits the lender to accelerate the note and initiate a non-judicial foreclosure sale if the borrower defaults on the loan. Section 21 states:

> If the Property is sold pursuant to this Section 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Accordingly, pursuant to section 21 of the deed of trust, the Hermanns became tenants at sufferance when the property at issue was purchased at a non-judicial foreclosure sale on January 7, 2025.

Because the Hermanns are tenants at sufferance under the deed of trust, they are unable to assert a potentially meritorious claim of right to current, actual possession of the property. *See Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied (alterations omitted) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease."); *see also Bankr. Est. of Wilson v. Petty*, No 05-06-01502-CV, 2008 WL 2068063, at *4 (Tex. App.—Dallas May 16, 2008, no

pet.) (mem. op.) (holding a forcible detainer defendant's appeal is moot when she relinquished possession of the property and the only way she could show a superior right to possession was to prevail in her dispute of a foreclosure deed in district court). Because the record before us does not show the Herrmanns have a potentially meritorious right to current, actual possession of the property, we conclude their appeal is moot.

Because the issue of possession is moot, we must also vacate the trial court's judgments of possession. *See Marshall*, 198 S.W.3d at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place."); *see also Devilbliss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.) (vacating the trial court's judgment when the issue of possession is moot in a forcible detainer appeal).

Accordingly, we vacate the trial court's judgment and dismiss the case and this appeal as moot.


PER CURIAM